CHANCE McCAMPBELL v. THE STATE.

*No. 1107. Decided May 5th, 1897.*

**1. New Trial—Separation of Jury—Consent of Defendant—Construction of Statute.**

Code Crim. Proc., Art. 725, with regard to the separation of the jury, provides, that, "after the jury in a felony case has been sworn and empaneled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court with the consent of the attorney representing the State and the defendant, and in charge of an officer." Held: This provision is imperative and mandatory when construed in connection with Section 10, Bill of Rights, guaranteeing a speedy public trial by an impartial jury, and Section 15 providing that, the right of trial by jury shall remain inviolate, and requiring the passage of laws to maintain its purity and efficiency; and, a separation had by permission of the court and with consent of the parties, is contrary to, and in violation of this statute, unless, the juror or jurors separating from his or their fellows is (or are) in charge of an officer during his (or their) separation. See, opinion for a review of all the cases upon the subject.

**2. Same—Defendant's Waiver.**

While it is true, that by express provision of the Code of Criminal Procedure, Art. 22, "a defendant in a criminal prosecution for any offense, may waive any right secured to him by law, except the right of trial by a jury in a felony case," still he cannot agree to a separation of the jury in such case without the jurors being in charge of an officer; he cannot, by his waiver, do that which the statute emphatically prohibits.

APPEAL from the District Court of Wilson. Tried below before Hon. THOMAS H. SPOONER.

Appeal from a conviction for murder in the second degree; penalty, imprisonment in the penitentiary for life.

Appellant was indicted for the murder of one Henry Calvin, on the 1st of August, 1882, by cutting his throat with a razor.

A statement of the evidence is unnecessary in view of the fact that

the appeal is disposed of upon the question of the separation of the jury, the facts pertaining to which are fully stated in the opinion.

*J. B. Dibrell,* for appellant.—In the trial of a capital case the court has no authority to permit a separation of the jury, except with the consent of the defendant, and not then except the separating juror remain in charge of an officer. If this is permitted to be done and the circumstances show that the juror had an opportunity to talk with persons outside the case, the court should reverse, and this should be done even though the juror himself makes affidavit that he was not influenced. Code Crim. Proc.; Rev. Stat., 1895, Art. 725; English v. State, 28 Tex. Crim. App., 500; Porter v. State, 1 Tex. Crim. App., 394; Grissom v. State, 4 Tex. Crim. App., 374; DeFriend v. State, 26 Tex. Crim. App., 570; Early v. State, 1 Tex. Crim. App., 248; Wright v. State, 17 Tex. Crim. App., 152; Wilson v. State, 18 Tex. Crim. App., 576; Warren v. State, 9 Tex. Crim. App., 630; Kelly v. State, 28 Tex. Crim. App., 120; Robinson v. State, 30 Tex. Crim. App., 459; Bishop's Crim. Proc., 3rd Ed., Sec. 998.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.]

HENDERSON, JUDGE.—Appellant was convicted of murder in the first degree, and received a life term in the penitentiary, and prosecutes this appeal. He excepted to the action of the court in overruling his motion for a continuance, but on an examination of the record, we find no error in this ruling of the court. The only serious question in this case is with reference to the separation of the jury. In the motion for a new trial, appellant alleges that after the jury were sworn and empaneled, and after the evidence, argument of counsel, and charge of the court had been submitted to them, and they had retired to consider of their verdict, one of the jurors, Alva Harper, separated from the jury, and was absent from them for thirty-six hours. A number of affidavits, both for the State and the defendant, are appended to this motion. The affidavits all agree to the effect that said juror was absent from the jury thirty-six hours, by permission of the court, it being made known to the court that said juror had a very sick child; and they all agree to the effect that said juror was not in charge of any officer of the court during said separation. The affidavits introduced on the part of the State show that said separation was by the consent and agreement on the part of both the State and defendant, and that defendant agreed that the juror might go to his home alone, not in charge of an officer. The affidavits on the part of the defendant show that defendant agreed that said juror might go to his home to attend on his sick child, but that nothing was said as to whether he should or should not be attended by an officer during such separation; that is, the effect of the affidavits on the

part of the defendant shows that there was no consent on his part that the juror should not be attended by an officer. In addition to this, it was shown by the affidavit of the juror that during his absence nothing occurred with reference to said cause; that he had no conversation in regard thereto; and that he went to his home merely, and remained there thirty-six hours with his sick child, and returned. The question thus presented to the court was one of fact, whether or not the defendant agreed to the separation as contended for by the State —that is, that during said separation the juror might go to his home unattended by an officer; and we assume that the court found this issue of fact in favor of the State—that is, that the defendant agreed that said juror, Harper, might absent himself from the other members of the jury, to attend on his sick child, and that he need not be accompanied by an officer during his absence. The question for our determination is: Can a defendant in a felony case consent to the separation of the jury, and agree that the juror separating shall not be attended by an officer? As this question has been before this court a number of times, and there seems to be some confusion in the decisions, we will review such of them as we conceive to be important. It has been held in a number of cases that the separation of the jury, where those separating themselves from the body of the jury were unattended by an officer, would require a new trial, regardless of the question of prejudice; that is, the court would not inquire into the fact whether or not by the separation the defendant had sustained prejudice. See, Brown v. State, 38 Texas, 483; Porter v. State, 1 Tex. Crim. App., 399; Early v. State, Id., 248; Grisson v. State, 4 Tex. Crim. App., 374; Wright v. State, 17 Tex. Crim. App., 152; Wilson v. State, 18 Tex. Crim. App., 576; DeFriend v. State, 22 Tex. Crim. App., 570; English v. State, 28 Tex. Crim. App., 500. On the other hand, it has been held in the following cases that, where it was shown that the jury had separated, the court would inquire into the question whether or not the defendant had probably suffered injury or prejudice thereby, and, if it did not appear to the court that he had probably sustained injury, that a new trial will not be authorized as a matter of course. See, Boyett v. State, 26 Tex. Crim. App., 704; Kelly v. State, 28 Tex. Crim. App., 120; Lamar v. State (Tex. Crim. App., 1897), 39 S. W. Rep., 677; Stewart v. State, 31 Tex. Crim. Rep., 153. In the latter case, Ogle v. State, 16 Tex. Crim. App., 361, is referred to; but in that case, while the juror was separated from the other jurors, he was attended by an officer. In Boyett's case, supra, it appears that the juror, during the trial, with the consent of both parties, and in charge of a deputy sheriff, was permitted to visit his sick wife. After arriving at his home, it appears that the juror was separated from the officer about thirty minutes; that is, he was in another room from the officer, with his wife and child, and conversed with no one else. It could scarcely, from this recitation of the facts, be considered that he was unattended by or absent from the officer. An officer was at the time attending him, and in the same house, though not in

the same room.   In Kelly's case, supra, it appears that, after the jury had been sworn and one witness examined, the court adjourned for the night.   One of the jurors understood that the jury was discharged until next morning, and went to his home, and remained over night   In his affidavit he states that during his absence he was at home, and no one said anything to him about the case, and that during his separation no one had anything to do with or in any manner influenced him in finding a verdict.   The court in that case, citing authorities, states that the mere separation of a jury pending a trial is not sufficient to set aside the verdict and grant a new trial.   It must be further made to appear that probable injustice to the accused had been occasioned.   In Stewart's case, supra, it appears that, while the jury were out deliberating on the case, one of the jurors, E. P. Bass, was allowed to leave the jury room, and, unattended by an officer, convey some bedclothes to the floor above, to the person from whom they were borrowed, and then walked across the hall, while upstairs, to a friend's room, and got a drink of whiskey, and, upon being asked, stated that the jury had not agreed upon a verdict.   The court say:   "This, however improper and suspicious, would not of itself warrant a reversal, it not being shown that probable injustice was done"—and cites the Ogle and Kelly cases, supra.   The case of Lamar v. State (decided by this court at the Dallas term, 1897), 39 S. W. Rep., 677, appears to follow these cases.   In that case, however, the separation was momentary.   The jury, at the time, were returning from their supper, attended by an officer; and, with the permission of the officer, the juror went to his barber shop, close by, for his coat. He was only absent from the view of the officer a few moments.   In all of these cases, except that of Kelly v. State, supra, it would appear that the juror was actually attended by an officer, and that his absence from the jury was only for a few moments.   In the Kelly case, however, the juror was absent a whole night. This case is clearly opposed to the current of authorities in this State, and the other cases mentioned do not seem to be in harmony with them.   In our opinion, the cases first mentioned are a correct interpretation of our constitutional provisions on the subject, in connection with the statute regulating the separation of the jury.   The Constitution (see, Bill of Rights, § 10) provides: "In all criminal prosecutions, the accused shall have a speedy public trial by an impartial jury."   Section 15 provides: "The right of trial by jury shall remain inviolate.   The legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." Art. 725, Code Crim. Proc., 1895, provides:   "After the jury has been sworn and empaneled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorney representing the State and the defendant, and in charge of an officer."   Art. 22, Code Crim. Proc., 1895, provides:   "The defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by a jury in a felony case."   The legislature, by this last

article, operating under the Constitution, would seem to have regulated by law, the separation of the jury, and so to have placed around a jury trial legal safeguards in order to preserve its purity and efficiency. It will be observed that this is not a case in which there was a separation without authority from the court, or a temporary separation of the officer in charge of the jury; but it is a case in which the court violated the statute. While it is true the statute permits the defendant to agree to a separation of the jury in a felony case, yet he cannot agree to a separation in such case without the juror being accompanied by an officer. It is true that he may waive everything except a trial by jury, but we do not understand from this that he will be permitted to do that which the statute emphatically prohibits. We hold in this case that the statute provides the modus operandi for an agreement to a separation, and prescribes the method to be pursued in such separation; that is, what shall be done. The provision requiring the juror to be attended by an officer is as imperative as that provision which prohibits the separation of the jury without consent. There can be a consent, but this consent can only be to the separation. There can be no consent to a separation without the juror being attended by an officer. He could as well waive the right of trial by a jury as waive those statutory provisions which secure its purity and efficiency. The accused is not alone interested in this matter. The State has an interest in the life and liberty of the citizen. The State has an interest in the purity of the trial by jury. It is not to the interest of the State to take the life of her citizens, unless it is taken in pursuance of law; hence the legislature had the right to make the provision contained in Article 725. A separation of the jury may result in great injustice to the State, as well as to the accused; not only in the particular case, but as establishing a bad precedent. If we were to permit this practice, there would be a contest in nearly every case as to whether or not the party made the agreement (as the record shows in this case); and, in addition to that, questions would arise as to whether the juror had been tampered with, for, whether he consented or not, if the juror had been improperly dealt with by any one else, either by word, act, or gesture, it would be a ground for a reversal, and a juror in every such case would be ready to absolve himself. Hence we believe it to be the better policy, independent of the mandates of the statutes, to hold that a juror in a felony cannot be permitted to separate unaccompanied by an officer. The judgment is reversed, and the cause remanded

*Reversed and Remanded.*