### GARNER v. STATE.   (No. 6199.)

(Court of Criminal Appeals of Texas.   April 20, 1921. Appellant's Rehearing Denied June 8, 1921.)

**1. Homicide ⊕⇒309(6)—Charge on provoking difficulty held appropriate.**

In a prosecution for murder, resulting in conviction of manslaughter, only the mitigating and justifying acts being in controversy, not the killing, the words and conduct of defendant immediately preceding the assault made by deceased which resulted in his death *held* to render appropriate a charge upon the law of provoking the difficulty.

**2. Homicide ⊕⇒309(1)—Converse of state's charge on provoking difficulty should have been submitted.**

In a prosecution for murder, resulting in conviction of manslaughter, where the court charged submitting the issue of provoking the difficulty from the standpoint of the state, in connection therewith the converse of the charge on defendant's request should have been fully submitted.

**3. Criminal law ⊕⇒854(6)—Permitting juror to go home for an hour because of sickness in his family erroneous.**

Under Code Cr. Proc. 1911, arts. 699, 745, in a prosecution for murder, resulting in conviction of manslaughter, where, after ten jurors were selected, impaneled, and sworn, one of them was permitted by the court, without consent of defendant or his counsel, and without being accompanied by an officer, to go to his home, about a mile distant, where a member of his family was sick, and there remain away from the courthouse, separated from the other members of the jury, for about an hour, such action was error, necessitating reversal as in violation of the mandatory provisions of the statute.

Appeal from District Court, Motley County; J. H. Milam, Judge.

Tom Garner was convicted of manslaughter, and he appeals. Reversed.

A. J. Fires, of Childress, G. E. Hamilton, of Matador, and Williams & Martin, of Plainview, for appellant.

R. H. Hamilton, Asst. Atty. Gen., for the State.

MORROW, P. J. The appellant was charged with murder and convicted of manslaughter. His punishment was fixed at confinement in the penitentiary for five years.

[1, 2] We deem it unnecessary to recite the facts further than to say that the killing of the deceased by the appellant was not a controverted issue. It was the mitigating and justifying facts that were in controversy. Upon well-settled principles we think the words and conduct of the appellant immediately preceding the assault made by the deceased which resulted in his death were such as to render appropriate the charge upon the law of provoking the difficulty. The paragraph of the charge submitting that issue from the standpoint of the state is, so far as we discern, without fault. In connection therewith, however, the converse, upon request, should have been more fully submitted.

The appellant, in a special charge, sought to have the court say to the jury:

"You are instructed that you must not only believe that defendant used the language and was guilty of the conduct relied on by the state to show provocation of deceased, but you must further believe that such language and conduct, if any, was reasonably calculated to and did actually provoke a difficulty in which the deceased was killed."

There is other language in the special charge which may have justified its refusal in the form prepared. On another trial,

however, if a proper special charge upon the subject is requested, it should be given.

[3] A special venire was present, and, after ten jurors were selected, impaneled, and sworn, one of them was permitted by the court, without the consent of either the appellant or his counsel, and without being accompanied by an officer, to go to his home about one mile distant, where a member of his family was sick, and there remain away from the courthouse, out of the presence of the court and separated from the other members of the jury, for about an hour. The trial judge discovered that he had misapprehended his rights in excusing the juror and requested a waiver of the separation by the defendant and his counsel. This they refused to make. The court thereupon heard evidence. The juror testified that, though he had had conversations, he had talked to no one about the case. Covering the subject, article 745 of the Code of Criminal Procedure says:

"After the jury has been sworn and impaneled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorney representing the state and the defendant, and in charge of an officer."

In article 699, it is said:

" * * * When jurors have been sworn in a case, those who have been so sworn shall be kept together and not permitted to separate until a verdict has been rendered, or the jury finally discharged, unless by permission of the court, with the consent of the state and the defendant, and in charge of an officer."

A similar state of facts was before the court in McCampbell v. State, 37 Tex. Cr. R. 607, 40 S. W. 496, save that in that case the separation was with the consent of the accused on trial. Holding that a reversal must result, the court said:

"We hold in this case that the statute provides the modus operandi for an agreement to a separation, and prescribes the method to be pursued in such separation; that is, what shall be done. The provision requiring the juror to be attended by an officer is as imperative as that provision which prohibits the separation of the jury without consent. There can be a consent, but this consent can only be to the separation. There can be no consent to a separation without the juror being attended by an officer. He could as well waive the right of trial by a jury as waive those statutory provisions which secure its purity and efficiency. The accused is not alone interested in this matter. The state has an interest in the life and liberty of the citizen. The state has an interest in the purity of the trial by jury. It is not to the interest of the state to take the life of her citizens, unless it is taken in pursuance of law; hence the Legislature had the right to make the provision contained in article 725. A separation of the jury may result in great injustice to the state,

as well as to the accused, not only in the particular case, but as establishing a bad precedent. If we were to permit this practice, there would be a contest in nearly every case as to whether or not the party made the agreement (as the record shows in this case); and, in addition to that, questions would arise as to whether the juror had been tampered with, for, whether he consented or not, if the juror had been improperly dealt with by any one else, either by word, act, or gesture, it would be a ground for a reversal, and a juror in every such case would be ready to absolve himself. Hence we believe it to be the better policy, independent of the mandates of the statutes, to hold that a juror in a felony case cannot be permitted to separate unaccompanied by an officer. The judgment is reversed, and the cause remanded."

This court has held to this view on numerous occasions. See Gant v. State, 55 Tex. Cr. R. 284, 116 S. W. 801; McDougal v. State, 81 Tex. Cr. R. 179, 194 S. W. 944, L. R. A. 1917E, 930.

Referring to the statutory provisions and the construction thereof in the decisions mentioned, and others, the state, through the Assistant Attorney General, says:

"The state is of opinion that the court committed error in forcing defendant to proceed to trial, after the jury had separated, as shown in said bill, which is such error as to compel the reversal of this case."

In this view we are constrained to concur. The statute naming the conditions under which the jury may be separated is mandatory. It gives effect to sound public policy; it is designed to preserve purity of a jury trial. Its nonobservance has been uniformly held to lay upon this court the imperative duty to order a reversal. In doing so in the instant case we are but obeying the mandate of the lawmaking power, so plain that it requires no interpretation, and based upon reasons so clear that they have not been the subject of controversy. Hitherto when it has been made plain by the record that the statute has been disregarded and the trial court, upon due presentation of the matter, has refused to grant a new trial, this court has amended the error by ordering a reversal of the judgment, and such is the course we must now pursue.

### On Motion for Rehearing.

HAWKINS, J. Appellant has filed a motion for rehearing urging that we were in error in our original opinion in holding that the issue of provoking the difficulty was raised by the evidence, and requesting a review of that matter and modification of the opinion.

We have carefully examined the entire statement of facts again, and after having done so are still of the belief that the evidence raises the issue.

The evidence may not be the same upon

another trial. If so, and this issue should be submitted, of course the converse should be submitted in order that appellant's rights would be fully protected.

Motion for rehearing is overruled.