COLLIE DIBBLES V. THE STATE.

No. 6268.   Decided June 1, 1921.

Burglary—Separation of Jury—Statutes Construed.

Article 745, Vernon's C. C. P., forbids the separation of the jury in a felony case in any event except the jurors so separated be in charge of an officer, even by the consent of the accused and the permission of the trial judge. And in the absence of an explanation, etc., in the instant case, the same is reversible error. Following Porter v. State, 1 Texas Crim. App., 304.

Appeal from the District Court of Hardin. Tried below before the Honorable D. F. Singleton.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Owen M. Lord*, for appellant.—Cited McCambell v. State, 40 S. W., 496; Gant v. State, 55 Texas Crim. Rep., 284, and cases cited in opinion.

*R. H. Hamilton*, Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—This appellant was convicted in the District Court of Hardin County of the offense of burglary, and his punishment fixed at confinement in the penitentiary for three years.

It appears from bill of exceptions No. 1 that after the testimony in the case had been introduced, the court below, with the consent of the appellant, permitted the jury to separate and go to their respective homes and there spend the night, none of them being accompanied by an officer. To this action of the court appellant took his bill of exceptions, which is approved by the trial court without any explanation whatever. This is in violation of the express inhibitions of Art. 745, Vernon's C. C. P., which forbids the separation of the jury in a felony case in any event except the jurors so separated be in charge of an officer. This court held in Porter v. State, 1 Texas Crim. App., 394, that such separation was not allowable even by the consent of the accused and permission of the judge presiding, unless said jurors were in charge of an officer. So far as we know there has been no deviation from this holding down to the present. See Sterling v. State, 15

Texas Crim. App., 249; Kelly v. State, 28 Texas Crim. App., 120. No sort of explanation of the fact of such separation anywhere appears. nor was there even any effort on the part of the State to show no injury. Early v. State, 1 Texas Crim. App., 248; Burris v. State, 37 Texas Crim. Rep., 587.

For the error mentioned the judgment of conviction will be reversed and the cause remanded for another trial.

*Reversed and remanded.*