### W. C. Embry v. The State.

No. 7835.   Decided October 24, 1923.

**1.—Theft of Cattle—Jury and Jury Law—Misconduct of Jury.**

After the jury had been impanelled and sworn, and had heard the evidence, one of the jurors was permitted to go to his home, twelve miles from the courthouse, and spend the night with his family, and was not accompanied by an officer, and then communicated to the other members of the jury. after his return, that he could recognize one of his friends at a similar distance and under similar conditions as a State's witness recognized the defendant, same is reversible error.

**2.—Same—Statutes Construed—Separation of Jury.**

The statute is imperative that if a juror is permitted for any reason to separate from his fellow jurors, it must not only be by consent of counsel, the defendant, and the court, but that he should be in charge of an officer. Following *Dibbles v. State*, 231 S. W. Rep., 769, and other cases.

**3.—Same—Misconduct of Jury.**

It is also specifically declared by the statute that a new trial be granted where the jury, after having retired to deliberate upon the case, has received other testimony.

**4.—Same—Owner—Possession—Variance.**

Where it was shown upon the trial of theft of cattle that the same were taken from the possession of W. A. Hawkins, who had care, control and management of the cattle at the time they were taken, and the indictment named W. C. Hawkins, as the owner of the property and in possession thereof, the variance was fatal, as it affirmatively appeared that W. C. Hawkins was the owner, but that the property was in the actual care, control and management of W. A. Hawkins.

Appeal from the District Court of Montague.   Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary .

The opinion states the case.

*T. H. Yarbrough* and *Chancellor & Bryan,* for appellant.  On question of misconduct of jury, Eads v. State, 170 S. W. Rep., 145, and cases stated in opinion.

On question of variance of name of owner, Stockton v. State, 25 Texas, 775.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft of cattle; punishment fixed at confinement in the penitentiary for a period of two years.

After the jury had been impaneled and sworn and had heard part of the evidence, one of the jurors was permitted to go to his home twelve miles from the courthouse and spend the night with his family.  He went with the consent of the State's counsel as well as that of the appellant's counsel, which consent was given in the presence of the appellant.  The juror was not accompanied by other members of the jury nor by an officer.

There was an issue in the case touching the ability of one of the witnesses to recognize the appellant at a certain distance.  During the separation, the juror noticed that he could recognize one of his friends at a similar distance and under similar conditions.  He communcated this fact to the other members of the jury upon his return.  The State's Attorney concedes that the transaction requires a reversal of the judgment.  This view is concurred in by the court.  The statute is imperative in demanding that if a juror is permitted, for any reason, to separate from his fellow-jurors, it shall not only be with the consent of the attorney representing the State and of the defendant and by the permission of the court, but that he shall be in charge of an officer.  Code of Crim. Proc., Art. 745.  The mandatory nature of this statute has often been declared.  See Sterling v. State, 15 Texas Crim. App. 249, and other cases listed in Dibbles' case, 231 S. W. Rep., 769; also Garner v. State, 89 Texas Crim. Rep., 486, 231 S. W. Rep. 389.

It is specifically declared in Art. 837, C. C. P. subdivision 7, that a new trial shall be granted where the jury "after having retired to deliberate upon the case" has received other testimony.  The bill of exceptions reveals a transgression of this law.  See Vernon's Tex. Crim. Stat., p. 789, and cases there listed.

The indictment named W. C. Hawkins as the owner of the property and charged that it was taken from his possession.  The record indicates that the stolen cattle were taken from the possession of W. A. Hawkins, a relative of W. C. Hawkins, and that W. A. Hawkins had the care, control and management of them at the time they were

taken. It is essential that the person having actual care, control and management of the property be named in the indictment. See Art. 457. C. C. P.; also Vernon's Tex. Crim. Stat., Vol. 2, p. 456; Rabe v. State, 85 Texas Crim. Rep., 373; Bergfeld v. State, 85 Texas Crim. Rep. 489; Frazier v. State, 18 Texas Crim. App. 434. It is not a case of a misstatement of the middle initial. See Spencer v. State, 34 Texas Crim. Rep. 66. It is one in which it affirmatively appears that W. C. Hawkins named in the indictment was the owner, but that the property was in the actual care, control and management of W. A. Hawkins.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*