FRANK POSTON v. THE STATE.

No. 15273. Delivered June 1, 1932.
Reported in 51 S. W. (2d) 362.

442

The opinion states the case.

*Wright Stubbs,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is murder; the punishment, confinement in the penitentiary for two years.

The first juror selected from the special venire was Ralph M. Richie. After this juror had been duly sworn as a juror in the cause, it was discovered it would become necessary to recess court until the following morning. No other jurors having been selected, a discussion arose between counsel for the state and appellant's counsel as to whether juror Richie should be permitted to go to his home for the night. Appellant's counsel suggested that, rather than have the juror locked up over night, he would agree that he might be excused from jury service, and finally discharged. The district attorney would not agree to this, but suggested to the court and counsel for appellant that the juror be permitted to go to his home and return the next day. Appellant's counsel, in open court, agreed to this. Appellant did not in person agree to the matter, but made no objection. Nothing was said as to whether the juror should be accompanied by an officer. The juror was permitted to go to his home unaccompanied by an officer. On the following morning three other jurors were selected in the absence of the juror Richie. After these jurors had been selected they were placed in the jury room. At 2 o'clock in the afternoon the juror Richie returned to court, unaccompanied by an officer, and was placed in the jury room with the three jurors who had been selected during the morning. In his motion for a new trial, appellant alleged that the mandatory provisions of article 623, C. C. P., had been violated when the court permitted the juror to go to his home unaccompanied by an officer. Testifying on the hearing of the motion, the juror stated he was the last man to agree to return a verdict of guilty, and that while he was at his home and separated from the jury he did not discuss the case with any one, nor had any one discussed the case with him.

Article 623, C. C. P., reads as follows: "The court may adjourn veniremen to any day of the term; but when jurors have been sworn in a case, those so sworn shall be kept together and not permitted to separate until a verdict has been rendered or the jury finally discharged, unless by permission of the court, with the consent of each party and in charge of an officer."

Article 668, C. C. P., provides: "After the jury has been sworn and

impaneled to try any felony case, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorney representing the State and the defendant, and in charge of an officer."

In McCampbell v. State, 37 Texas Crim. Rep., 607, 40 S. W., 496, this court said: "We hold in this case that the statute provides the modus operandi for an agreement to a separation, and prescribes the method to be pursued in such separation; that is, what shall be done. The provision requiring the juror to be attended by an officer is as imperative as that provision which prohibits the separation of the jury without consent. There can be a consent, but this consent can only be to the separation. There can be no consent to a separation without the juror being attended by an officer. He could as well waive the right of trial by a jury as waive those statutory provisions which secure its purity and efficiency. The accused is not alone interested in this matter. The state has an interest in the life and liberty of the citizen. The state has an interest in the purity of the trial by jury. It is not to the interest of the state to take the life of her citizens, unless it is taken in pursuance of law; hence the Legislature had the right to make the provision contained in Article 725. A separation of the jury may result in great injustice to the state, as well as to the accused; not only in the particular case, but as establishing a bad precedent. If we were to permit this practice, there would be a contest in nearly every case as to whether or not the party made the agreement (as the record shows in this case); and, in addition to that, questions would arise as to whether the juror had been tampered with, for, whether he consented or not, if the juror had been improperly dealt with by any one else, either by word, act, or gesture, it would be a ground for reversal, and a juror in every such case would be ready to absolve himself. Hence we believe it to be the better policy, independent of the mandates of the statutes, to hold that a juror in a felony case cannot be permitted to separate unaccompanied by an officer. The judgment is reversed, and the cause remanded."

In approving the above quotation from McCampbell's case, this court, in Garner v. State, 89 Texas. Crim. Rep., 486, 231 S. W., 389, 390, used language as follows: "In this view we are constrained to concur. The statute naming the conditions under which the jury may be separated is mandatory. It gives effect to sound public policy; it is designed to preserve purity of a jury trial. Its nonobservance has been uniformly held to lay upon this court the imperative duty to order a reversal. In doing so in the instant case we are but obeying the mandate of the lawmaking power, so plain that it requires no interpretation, and based upon reasons so clear that they have not been the subject of controversy. Hitherto when it has been made plain by the record that the statute has been disregarded and the trial court, upon due presentation of the mat-

ter, has refused to grant a new trial, this court has amended the error by ordering a reversal of the judgment, and such is the course we must now pursue."

See, also, Embry v. State, 95 Texas Crim. Rep., 488, 255 S. W., 190; Dibbles v. State, 89 Texas Crim. Rep., 427, 231 S. W., 768.

Giving effect to the holding of this court, it becomes our duty to order a reversal of the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.