## J. R. OSBORNE v. THE STATE.

No. 20076. Delivered January 25, 1939.

The opinion states the case.

*Aldridge & Aldridge,* of Farwell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accomplice to theft; the punishment, confinement in the penitentiary for two years.

After the jury had been impanelled they were permitted to separate during the time of the trial and go to their respective homes unaccompanied by officers. Also during the trial they were permitted to separate and mingle generally with spectators in and about the courtroom. The bill of exception recites that the district attorney and counsel for appellant agreed to the separation. Appellant did not in person agree to the matter, but made no objection.

The court fell into error in overruling the motion for new trial. Article 623, C. C. P., reads as follows:

"The court may adjourn veniremen to any day of the term; but when jurors have been sworn in a case, those so sworn

shall be kept together and not permitted to separate until a verdict has been rendered or the jury finally discharged, unless by permission of the court, with the consent of each party and in charge of an officer."

Article 668, C. C. P., provides:

"After the jury has been sworn and impaneled to try any felony case, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorney representing the State and the defendant, and in charge of an officer."

In McCampbell v. State, 40 S. W. 496, this court said:

"We hold in this case that the statute provides the modus operandi for an agreement to a separation, and prescribes the method to be pursued in such separation; that is, what shall be done. The provision requiring the juror to be attended by an officer is as imperative as that provision which prohibits the separation of the jury without consent. There can be a consent, but this consent can only be to the separation. There can be no consent to a separation without the juror being attended by an officer. * * * The accused is not alone interested in this matter. The state has an interest in the life and liberty of the citizen. The state has an interest in the purity of the trial by jury. It is not to the interest of the state to take the life of her citizens, unless it is taken in pursuance of law; hence the legislature had the right to make the provision contained in article 725. A separation of the jury may result in great injustice to the state, as well as to the accused; not only in the particular case, but as establishing a bad precedent. If we were to permit this practice, there would be a contest in nearly every case as to whether or not the party made the agreement (as the record shows in this case); and, in addition to that, questions would arise as to whether the juror had been tampered with, for, whether he consented or not, if the juror had been improperly dealt with by any one else, either by word, act, or gesture, it would be a ground for reversal, and a juror in every such case would be ready to absolve himself. Hence we believe it to be the better policy, independent of the mandates of the statutes, to hold that a juror in a felony case cannot be permitted to separate unaccompanied by an officer. The judgment is reversed and the cause remanded.

In Garner v. State, 231 S. W. 389, the court used language as follows:

"The statute naming the conditions under which the jury

may be separated is mandatory. It gives effect to sound public policy; it is designed to preserve purity of a jury trial. Its non-observance has been uniformly held to lay upon this court the imperative duty to order a reversal. In doing so in the instant case we are but obeying the mandate of the lawmaking power, so plain that it requires no interpretation, and based upon reasons so clear that they have not been the subject of controversy. Hitherto when it has been made plain by the record that the statute has been disregarded and the trial court, upon due presentation of the matter, has refused to grant a new trial, this court has amended the error by ordering a reversal of the judgment, and such is the course we must now pursue."

See also Embry v. State, 255 S. W. 190; Dibbles v. State, 231 S. W. 768; Poston v. State, 51 S. W. (2d) 362.

It appears that when appellant was on the witness stand he was required to testify over objection that he had on another occasion been arrested for burglary. Also it was shown that the charge of burglary had not eventuated into an indictment. On another trial this proof should not be made.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.