## JAMES WELLS V. STATE.

No. 25195. April 4, 1951.

*Jack P. Bond,* and *Bond & Crofts,* by *Thos. R. Bond,* Terrell, for appellant.

*George P. Blackwell,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, five years in the penitentiary.

No contention is made that the evidence is not sufficient to support the verdict.

Bill of Exception No. 1 complains of the separation of the jury. Bill of Exception No. 2 complains of the overruling of the motion for new trial based on the grounds of the separation.

Our most able state's attorney has confessed error herein. These bills show that after the close of the state's case, the county attorney, the defendant and his attorney, all agreed and so announced to the court that the jury impaneled and trying this cause might separate and go to their homes unattended by any officer and spend the night in their respective homes. The jury did so separate and return the following morning and continue with the trial of the cause. The bills were qualified by the court to show that no objection was made, nor exception taken during the trial of the case with reference to the separation, and he attached to the bill a letter which reads, in part, as follows:

"BOND & CROFTS
"Attorneys and Counselors
"301 E. Moore — Telephone 1101
"Terrell, Texas
"9-22-50

"Judge A. A. Dawson,
"Canton, Texas.
"Dear Judge:

"Jack Bond has just returned from Kaufman in the James Wells case, stating that you took the Bill of Exception home with you in order to qualify it as to what occurred in the separation of the jury. . . . .

"You will permit me to make suggestion that that bill should be qualified as follows:

" 'The above and foregoing Bill of Exception is true and correct as to what occurred as therein recited, but I hereby qualify and explain said bill of exception as follows: "The attorneys for the State and the attorneys for the defendant in open court as well as the defendant himself agree that the jury could separate, go to their homes unattended by any officer, with instructions from the court to return the next morning and resume the trial of the case." '

"There is no question about the agreement that was made, but

there was no agreement that no exceptions would be urged to what happened.

\* \* \* \* \* \* \* \* \* \* \*

"Very respectfully,
"(Signed) Thos. R. Bond
"BOND & CROFTS"

This is not a case of an inadvertent momentary separation, but one that lasted the entire night.

Art. 668, C.C.P., provides: "After the jury has been sworn and impaneled to try any felony case, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorney representing the State and the defendant, and in charge of an officer."

In McCampbell v. State, 37 Tex. Crim. Rep. 607, 40 S.W. 496, we find the following expression: "We hold in this case that the statute provides the modus operandi for an agreement to a separation, and prescribes the method to be pursued in such separation; that is, what shall be done. The provision requiring the juror to be attended by an officer is as imperative as that provision which prohibits the separation of the jury without consent. There can be a consent, but this consent can only be to the separation. There can be no consent to a separation without the juror being attended by an officer."

This seems to have been the holding of this court in cases involving overnight separations through the years, Osborne v. State, 136 Tex. Cr. Rep. 125, 124 S.W. 2d 366, and Texas Digest, Criminal Law, key 854(3), and is probably the reason for the presentment to the present legislature of a measure to authorize jury separation.

For the error in permitting the jury to go home for the night, the judgment is reversed and the cause remanded.