**Leslie ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52843.**

Court of Criminal Appeals of Texas.

May 11, 1977.

Rehearing Denied June 8, 1977.

William C. Sherk, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and James C. Butts, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for robbery; punishment was assessed at ten years.

Appellant contends the trial court erred in denying his motion for new trial. He argues the evidence presented at the hearing on his motion for new trial demonstrates violation of Art. 40.03(7), which provides in part:

"New trials, in cases of felony, *shall* be granted for the following causes . . . :

\*   \*   \*   \*   \*   \*

"(7) Where the jury, after having retired to deliberate upon a case, has received other testimony; . . ." (Emphasis added.)

During the trial the appellant attempted to impeach or rebut the identification evidence presented by the State. Shortly after the robbery, the two complaining witnesses informed the police that the man who committed the offense was 5' 11" or six feet tall and he weighed approximately 160 lbs. Appellant was arrested after the two complaining witnesses identified him from a photographic display. Appellant's evidence on identification consisted of the testimony of Lt. Johnson, the supervisor of the El Paso County Jail, who testified that the appellant was 5' 8" and weighed 133 lbs.

The record of the hearing held on the motion for new trial contains the testimony of the foreman of the jury and another juror. The foreman testified he told the other members of the jury during deliberations that he had been in an armed robbery and that he could identify the perpetrator of that crime within three years of the offense. The other juror testified the foreman stated he had been a victim of a robbery and told them "you never forget a face in a robbery if you had been a victim of a robbery." The fact that such statements were made during the jury deliberations on guilt is undisputed.

Article 40.03(7), supra, provides that a new trial shall be granted "Where the jury, after having retired to deliberate upon a case, has received other testimony; . ." This statute requires a new trial if the "other testimony" was adverse to the accused.

In the case at bar, identification was a central issue, and the foreman's statement was adverse to appellant's attack on that issue. See *Embry v. State,* 95 Tex. Cr.R. 488, 255 S.W. 190. It is the *character of the evidence* that controls the determination of this issue, and the Court will not speculate on the probable effects on the jury or the question of injury. See cases collected at note 802 to Art. 40.03 in Vernon's annotations to the code. Unless there is a fact issue raised on whether the jury actually received the other evidence (see *Honeycutt v. State,* 157 Tex.Cr.R. 206, 248 S.W.2d 124), the statute requires[1] reversal if the evidence was adverse to the defendant. The statutory provision here applied was designed by the Legislature to guarantee the integrity of the fundamental right to trial by jury by restricting the jury's consideration of evidence to that which is properly introduced during the trial. To adequately safeguard that right from erosion, the Legislature in its wisdom created a per se rule. It is the duty of this Court to follow that mandate.

For receipt of other evidence adverse to appellant during jury deliberations, the judgment is reversed and the cause remanded.

---

1. "New trials, in cases of felony, *shall* be granted for the following causes . . . ." Art. 40.03, supra; emphasis added.