Raymond Harold LEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00533–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 29, 1991.

Discretionary Review Refused
Jan. 8, 1992.

Terrence A. Gaiser, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Jose Gonzales–Falla and Mary Lou Keel, Houston, for appellee.

Before MIRABAL, COHEN and HUGHES, JJ.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

MIRABAL, Justice.

The Court of Criminal Appeals has vacated our judgment in *Lee v. State*[1] and remanded the cause to us so that we might consider whether the jury foreman's testimony at the motion for new trial hearing was admissible under Tex.R.Crim.Evid. 606(b). *Lee v. State*, 791 S.W.2d 141, 142 (Tex.Crim.App.1990).

A jury convicted appellant of burglary of a habitation while armed with a deadly weapon.[2] The jury assessed punishment at 55 years confinement. Appellant filed a motion for new trial based on jury misconduct, claiming the jury discussed the fact that appellant did not testify on his own behalf.

After a hearing, and upon the State's agreeing to the granting of a new trial on punishment, the court granted appellant's motion for new trial on punishment only. The motion for new trial on guilt or innocence was denied.

On appeal to this Court, appellant alleged, in his sole point of error, that the trial court abused its discretion in denying appellant's motion for new trial on guilt or innocence because the jury improperly discussed and considered appellant's failure to testify. Appellant supported his argument with the testimony of Lisa Neal, the jury foreman, at the motion for new trial hearing.

Ms. Neal testified that at least three members of the jury discussed appellant's decision not to testify in his own behalf. 775 S.W.2d at 61. She stated that those discussions influenced her in finding him guilty. *Id.* She also testified that she told the jury members that they should stop discussing appellant's silence and that they did so. *Id.*

The State countered that the trial court did not abuse its discretion in failing to grant a new trial because the reference to appellant's failure to testify was brief and limited and the jurors stopped any discussion regarding it when the foreman warned them of its impropriety. The State also contended appellant's argument, that he was denied a fair trial because his silence influenced Ms. Neal's verdict, was without merit because it violated rule 606(b), "prohibiting attempted impeachment of a jury verdict by use of juror testimony with regard to how any factor may have influenced that juror's decision to either dissent or agree to the verdict."

We held that, "In view of Lisa Neal's clear, unimpeached testimony that the improper jury discussion influenced her to find appellant guilty, when she otherwise would have voted not guilty ... the trial court abused its discretion in overruling appellant's motion for new trial." 775 S.W.2d at 64. We reversed the conviction and ordered a new trial. *Id.*

The Court of Criminal Appeals adopted the Texas Rules of Criminal Evidence effective September 1, 1986. Rule 606(b) provides as follows:

**(b) Inquiry Into Validity of Verdict or Indictment.** Upon an inquiry into the validity of a verdict or indictment, a *juror may not testify as to* any matter or statement occurring during the course of the jury's deliberations or to *the effect of anything upon his* or any other juror's *mind or emotions as influencing him to assent to or dissent from the verdict* or indictment or concerning his mental processes in connection therewith, *except*

---

1. 775 S.W.2d 59 (Tex.App.—Houston [1st Dist.] 1989).

2. The offense occurred on or about October 29, 1987. The trial was held on June 13–14, 1988; the hearing on the motion for new trial was held on August 8, 1988.

*that a juror may testify as to any matter relevant to the validity of the verdict* or indictment. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

(Emphasis added.)

Before the hearing on the motion for new trial, the prosecutor objected to Ms. Neal's testimony on the following basis:

I want to put the Court on notice to the extent *this juror may testify what may have influenced her, that's fine.* I want to make absolutely clear that I'm going to object each and every time there is a reference what influence some other jurors. I think the rule [606(b) ] specifically prohibits that.

(Emphasis added.)

The judge, the prosecutor, and defense counsel then conferred, and the judge ruled as follows:

Based on your objection, Mr. Nunnery [the prosecutor], let the record reflect that this witness of course may testify. This is my ruling and *I think by agreement by both sides at this time that this witness certainly may testify as to what she heard or what she saw and what, if anything, influenced her verdict* in this matter with regard to this hearing, not testify as to—as to any conclusions with regard to any other jurors, why they— unless it is stated to her personally.

(Emphasis added.) After the judge's ruling, which reflects the concurrence of both parties, the prosecutor made no further objections based on rule 606(b), except when defense counsel questioned Ms. Neal about what the other jurors may have believed. In fact, the prosecutor himself asked Ms. Neal if appellant's silence was a factor considered *by the jury in its finding of guilt.* Defense counsel objected, "That is a violation of the Court's ruling with respect to the rule brought up by counsel itself," and the judge sustained the objection.

In its appellate brief, the State concedes that no objection was made by the prosecu-

tor to the testimony of Ms. Neal, but argues the lack of an objection did not result in any waiver on the State's part, citing *Baldonado v. State,* 745 S.W.2d 491, 495 (Tex.App.—Corpus Christi 1988, pet. ref'd). We have reviewed *Baldonado,* and find there no support for the proposition that, despite a failure to object to a juror's testimony, an affirmative statement that a juror could testify about what influenced her, and an acquiescence in the trial court's ruling adopting the statement, a party may successfully assert the inadmissibility of such testimony on appeal. The State waived objection to the testimony of Ms. Neal. *Bader v. State,* 777 S.W.2d 178, 181 (Tex.App.—Corpus Christi 1989, no pet.); Tex.R.App.P. 52(a). The Court of Criminal Appeals correctly foresaw this result in a footnote to its opinion remanding this case to us. *Lee,* 791 S.W.2d at 142.

We reverse the judgment of the trial court, and remand, for the reasons expressed in our opinion dated July 27, 1989.

HUGHES, Justice, dissenting.

I respectfully dissent. The Court of Criminal Appeals has remanded this cause for us to determine whether Ms. Neal's testimony, in whole or part, was admissible. This task requires that we thoroughly analyze the parameters and implications of Tex.R.Crim.Evid. 606(b). The Court of Criminal Appeals has recently pronounced that, unless the Texas rule clearly departs from its federal counterpart, cases interpreting federal rules of evidence should be consulted for guidance as to scope and applicability. *Cole v. State,* No. 1179–87, slip op. at 3 (Tex.Crim.App., Nov. 14, 1990) (not yet reported).

Both the federal and state rules 606(b) expressly prohibit jurors from testifying:

as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. . . .

TEX.R.CRIM.EVID. 606(b). Both the state and federal rules provide for exceptions to the general prohibition against juror testimony. However, the federal exception is narrower in scope than that of its Texas counterpart, in that the federal rule permits juror testimony to *extraneous prejudicial influence* improperly brought to the jury's attention. *Tanner v. United States,* 483 U.S. 107, 121, 107 S.Ct. 2739, 2748, 97 L.Ed.2d 90 (1987). The exception to the state's rule permits a juror to testify *as to any matter* relevant to the validity of the verdict. TEX.R.CRIM.EVID. 606(b). Therefore, under the federal rule, a juror could testify about external influence, e.g., a newspaper article, but not internal influences, e.g., jury deliberations. *See Tanner,* 483 U.S. at 122–23, 107 S.Ct. at 2749.

The above dissimilarity in the state and federal rules notwithstanding, an objective test should be applied when assessing the validity of a verdict. *See United States v. Hornung,* 848 F.2d 1040, 1045 (10th Cir. 1988), *cert. denied,* 489 U.S. 1069, 109 S.Ct. 1349, 103 L.Ed.2d 817 (1989); *United States v. Bruscino,* 687 F.2d 938, 940–41 (7th Cir.1982), *cert. denied,* 459 U.S. 1228, 103 S.Ct. 1235, 75 L.Ed.2d 468 (1983); *Miller v. United States,* 403 F.2d 77, 83 n. 11 (2nd Cir.1968). The effect of such a test on the instant case would be thus: (1) Ms. Neal's testimony that certain members of the jury commented on the defendant's failure to testify during deliberations would be admissible; (2) Ms. Neal's testimony concerning the subjective effect of those comments would be inadmissible; and (3) the trial court would determine, as a matter of law, whether the impermissible comments affected the decision-making process of a reasonable person.

Accordingly, I would find part of Ms. Neal's testimony admissible, part inadmissible, and reexamine this Court's reasoning and holding in our opinion dated July 27, 1989.