**Reversed and Remanded and Majority and Dissenting Opinions filed August 29, 2019.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-17-00785-CR

---

**ZAID ADNAN NAJAR, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1503083**

---

### MAJORITY OPINION

The ultimate issue in this appeal concerns whether the jury followed the trial court's charge: "During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence." As a society, we generally balance the need for confidentiality in jury deliberation

versus the integrity of the jury trial in favor of jury confidentiality.

We also generally presume the jury follows the court's charge. This appeal presents a rare instance in which what occurred during deliberation is open for review. And because the uncontroverted evidence is the jury did not follow the court's charge and considered outside evidence that was adverse on a critical issue, we must reverse.

A jury found appellant Zaid Adnan Najar guilty of the third-degree felony of fleeing, using a vehicle, from a peace officer who was attempting lawfully to detain him. *See* Tex. Penal Code Ann. § 38.04(a), (b)(2)(A).[1] The trial court assessed punishment at ten-years imprisonment, suspended the sentence, and placed appellant on four-years community supervision. In two issues, appellant asserts the trial court erred in denying his motion for new trial based on (1) other evidence received by the jury during deliberation and (2) a claim of ineffective assistance of counsel regarding his trial counsel's advice on the immigration consequences of the State's plea offer. Because we find the trial court erred in denying appellant's motion for new trial, we reverse the trial court's judgment and remand the case for further proceedings.[2]

---

[1] *Vernon's Texas Codes Annotated Penal Code* contains an editorial note which suggests that the legislature has enacted two versions of Penal Code section 38.04(b)(1), (2). While this is not a contested issue in this appeal, and we make no explicit holding, it nonetheless appears that only one version of subsection 38.04(b)(1), (2) exists. *See* Act of May 23, 2011, 82d Leg., R.S., ch. 391, § 1, 2011 Tex. Gen. Laws 1046, 1046, *amended by* Act of May 24, 2011, 82d Leg., R.S., ch. 839, § 4, 2011 Tex. Gen. Laws 2010, 2011, *amended by* Act of May 27, 2011, 82d Leg., R.S., ch. 931, § 3, 2011 Tex. Gen. Laws 2321, 2322.

[2] A defendant's general right to appeal under Code of Criminal Procedure article 44.02 has always been limited to appeal from a "final judgment." *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). Although appellant argues the trial court's error was in denying his motion for new trial, we may only reverse the judgment being appealed and not merely the order denying the motion for new trial.

**BACKGROUND**

## A. Appellant's Arrest

On March 17, 2016, at approximately 10 p.m., Officer Bachar of the Houston Police Department observed a white Ford Mustang driving at 100 miles per hour in the far-left lane of the I-610 freeway in the Galleria area. Bachar also noticed flashing red-and-blue lights emanating from the vehicle. At first glance, Bachar thought the vehicle was a law enforcement vehicle because of the flashing lights. However, upon a closer look, he realized it was a private vehicle. At that point, Bachar turned on his own emergency equipment, which included flashing lights and a siren. Bachar followed the vehicle for approximately two miles before the vehicle pulled over. During that time, the vehicle's driver cut across three lanes of traffic into the far-right lane. Bachar testified that he believed the driver was going to exit the freeway at this point; however, the driver then went back across the three lanes of traffic until the vehicle was again in the far-left lane. At no time did the vehicle's driver use his turn signals to indicate lane changes. When Bachar was within twenty-five feet of the vehicle, it came to a sudden stop in the right-hand shoulder of the freeway. Bachar then approached the vehicle and identified appellant as the driver.

## B. Trial

During her opening statement, appellant's trial counsel emphasized that appellant was already driving over 100 miles per hour when Bachar turned on his lights and siren. Counsel pointed out that appellant's vehicle was surrounded by other vehicles on the freeway for the two-mile period during which Bachar attempted to signal to appellant to pull over. Counsel further emphasized that it was not until Bachar was within close range of appellant that appellant immediately decelerated. Bachar was the only witness to testify. Both the State and

appellant's trial counsel asked Bachar questions directed to illuminate whether appellant knew that Bachar was attempting to pull him over. In closing, appellant's trial counsel argued that appellant "did not realize that [sic] officer was trying to pull him over until the second the officer got behind him." The State argued that appellant's weaving between lanes and speeding made it clear he knew he was being pulled over. Ultimately, the jury was left to determine whether appellant was aware that Bachar was attempting to detain him.

After briefly deliberating, the jury returned with a guilty verdict.

## C. Post-trial

Attorneys for the State and for appellant interviewed the jury after announcement of the verdict. One of the jurors informed the attorneys that while they were in the jury room deliberating, they heard a siren coming from outside on the street fifteen floors below. The members of the jury reasoned that if they could hear the siren while inside the building, appellant should have been able to hear the officer's siren while in his vehicle. The juror said this reasoning was used by the jury as a whole in finding appellant guilty of the charged offense.

Appellant filed a motion for new trial arguing that (1) the jury received adverse outside evidence during deliberation and (2) appellant received ineffective assistance of counsel. The trial court held a hearing on the motion. Before appellant and the State presented their arguments, appellant's counsel offered affidavits from appellant's trial counsel and co-counsel in which each attorney recounted the jury's comments regarding hearing a siren while deliberating. Appellant's counsel pointed out that the State agreed with the "factual basis of the affidavit" and that there was solely a "dispute on the law." Counsel for the State replied, "that's correct." And when asked by the trial court whether the State had any objections to the affidavits, the State's counsel replied, "no objections, your

4

honor." The court admitted the affidavits into evidence. Appellant's counsel then presented his arguments on the two issues. After which, the State responded by arguing that the allegations in the affidavit did not constitute an "outside influence."[3]

After listening to arguments and reviewing the affidavits presented by both parties, the trial court denied the motion for new trial on both grounds. On appeal, appellant argues the trial court erred in denying his motion for new trial on the same grounds he raised in his motion for new trial.

**ANALYSIS**

## A. Other Evidence

In his motion for new trial, appellant argued that Texas Rule of Appellate Procedure 21.3(f) required that the trial court grant him a new trial because the siren heard by the jury constituted "other evidence." *See* Tex. R. App. P. 21.3(f) (defendant must be granted new trial when, after retiring to deliberate, the jury has received other evidence). The trial court denied appellant's motion, concluding that the jurors could have drawn on their "general experience of hearing sirens."

### 1. Standard of Review

Ordinarily, the grant or refusal of a motion for new trial is committed to the discretion of the trial court. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). However, Texas Rule of Appellate Procedure 21.3(f) provides that a defendant must be granted a new trial when, after retiring to deliberate, the jury has

---

[3] The dissent argues this was sufficient to preserve an objection based on Texas Rule of Evidence 606(b), as it references the language used in that rule. *See* Tex. R. Evid. 606(b). We disagree. The State's complaint regarding "outside evidence" was not presented until after the affidavit was admitted into evidence and after appellant's counsel made his arguments. Moreover, the State never made a formal objection to the affidavit at any time during the hearing.

received other evidence. Tex. R. App. P. 21.3(f). To be entitled to a new trial under this provision, the movant for new trial must show both: (1) the jury received other evidence and (2) the evidence was detrimental. *Gibson v. State*, 29 S.W.3d 221, 224 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). At a hearing on the motion for new trial, the trial judge is the trier of fact and the sole judge of the credibility of the witnesses. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). If there is no fact issue that the jury received other evidence, and the evidence was adverse to the defendant, then reversal is required. *Rogers v. State*, 551 S.W.2d 369, 370 (Tex. Crim. App. 1977).

### 2. Analysis

Appellant contends that during the new-trial hearing the State conceded that the "receipt" prong of the applicable two-part test has been met. At the hearing, appellant provided an affidavit from his trial counsel stating the following:

> During our conversation with the jury, one of the jurors told us that during their deliberations, while they were in the jury room, the members of the jury heard a siren outside on the street, and that the fact they could hear the siren from inside the jury room influenced their verdict. They believed that if they could hear a siren from inside the building, that [appellant] could have heard an officer's siren inside his car.

The State's counsel affirmed that it agreed with the factual basis of this affidavit, specifically that the "conversation with the jury took place." The State neither contested that the jury heard and discussed the siren while deliberating, nor that the members of the jury had relied on their ability to hear the siren in finding appellant guilty. Further, the State did not present evidence to counter trial counsel's affidavit. Because there is no evidence contradicting trial counsel's unobjected-to affidavit, no factual dispute in that regard was presented for the trial court's resolution. This satisfies the "receipt" prong of the test. *See Alexander v. State*, 610

6

S.W.2d 750, 751–52 (Tex. Crim. App. [Panel Op.] 1980) (where testimony as to what occurred in jury room is not controverted and shows that jury during deliberation received other and new evidence, then there is no issue of fact for trial court's determination); *Rogers*, 551 S.W.2d at 370 (holding unless there was fact issue raised on whether jury actually received other evidence, former Code of Criminal Procedure article 40.03(7)[4] required reversal if evidence was adverse to defendant); *Carroll v. State*, 990 S.W.2d 761, 762 (Tex. App.—Austin 1999, no pet.) (no conflicting evidence that jury received "other evidence" during deliberation).

We consider the character of the evidence in light of the issues before the jury in our determination of the "detrimental" prong of the test. *Alexander*, 610 S.W.2d at 753; *Carroll*, 990 S.W.2d at 762. One (if not, the) central issue in this evading-detention case was whether appellant was aware that Bachar was attempting to detain him. Appellant's counsel argued that appellant was not aware he was being pulled over until appellant came to an abrupt stop when Bachar narrowed down the distance between his vehicle and appellant's vehicle. Appellant's ability to hear Bachar's siren was critical to the issue of whether appellant knew he was being signaled by Bachar to pull over. The siren heard by the members of the jury sitting inside on the fifteenth-floor of a building—while they were deliberating on whether appellant was in fact evading detention from an officer with an activated siren—was detrimental to appellant in their resolution of

---

[4] Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 3, § 5, art. 40.03, 1973 Tex. Gen. Laws 1122, 1127–28, *repealed by* Tex. R. App. P.30(b)(7), 11 Tex. Reg. 1939, 1944, 49 Tex. B.J. 558, 564 (Tex. Crim. App. Apr. 10, 1986, eff. Sept. 1, 1986); *see* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472, 2472 (authorizing promulgation of Texas Rules of Appellate Procedure and repeal of portions of Code of Criminal Procedure); *see also In re M.A.F.*, 966 S.W.2d 448, 450 n.1 (Tex. 1998) (discussing history of and "almost identical language in" former article 40.03(7) and its successors former Texas Rule of Appellate Procedure 30(b)(7) and current rule 21.3(f)).

this issue. *See Deary v. State*, 681 S.W.2d 784, 788 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd) (statement by juror concerning his experience in paying more than $200.00 for a cassette player "was detrimental to the appellant because his guilt on the felony charge depended upon whether the value of the cassette player exceeded $200.00"). As stated in trial counsel's affidavit, the jury's ability to hear the siren from fifteen floors above led the members of the jury to believe that appellant must have heard Bachar's siren, but deliberately ignored it in an attempt to evade detention. This is supported by the uncontested affidavit provided by trial counsel stating, "that the fact they could hear the siren from inside the jury room influenced their verdict."[5] Rule 21.3(f) mandates reversal when the jury received other evidence that was detrimental. *Carroll*, 990 S.W.2d at 762; *see Rogers*, 551 S.W.2d at 370. Consequently, the trial court lacked discretion to deny appellant's motion for new trial. For this reason, we sustain appellant's first issue.[6]

---

[5] The State argues that Texas Rule of Evidence 606(b) prohibited the trial court from considering evidence inquiring into the validity of the jury's verdict because the siren heard by the jury does not fall within the outside-influence exception. *See* Tex. R. Evid. 606(b) (prohibiting jurors from testifying about any statement made or incident that occurred during jury's deliberation, except where outside influence was improperly brought to bear on any juror). The State did not, however, object to the evidence on this or any other ground and therefore has waived its complaint. *See Lee v. State*, 816 S.W.2d 515, 517 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (State waived rule 606(b) argument on appeal when it failed to make such objection in hearing below). The State instead expressly stated it had "[n]o objections" to appellant's evidence. Accordingly, an analysis under rule 606(b), as proffered by the State, is not applicable under the circumstances.

[6] The dissenting opinion disputes that the siren here functioned as other evidence based on an average juror's "common knowledge of the sound of a siren" and on the frequency of sirens heard in downtown Houston. However, this position ignores the unique circumstances in this case. This was not a jury merely hearing busy downtown sounds while deliberating. Nor was it a jury merely drawing on general common knowledge of sirens. Rather, the jury focused on one particular siren it heard while deliberating; thus, the jury discussed and considered information it received about a fact connected with this case which was not shown by the trial evidence. This was contrary to the court's charge, and it was used to resolve a critical issue in appellant's case against him and in favor of the State.

The issue in this appeal is not whether a criminal conviction should be reversed because

There is no additional requirement to show harm. *See Alexander*, 610 S.W.2d at 753 ("[T]his Court will not speculate on the probable effects on the jury or the question of injury."); *Hunt v. State*, 603 S.W.2d 865, 869 (Tex. Crim. App. [Panel Op.] 1980) ("The State's contention that appellant must show harm by the jury's receipt of this 'other evidence' is without merit."); *Deary*, 681 S.W.2d at 788 ("We need not consider, nor would it be proper to consider, [juror's] statement that [other juror's] comments made [him] change his mind to vote guilty."). This is because the statutory provision applied here was designed by the Legislature to guarantee the integrity of the fundamental right to trial by jury by restricting the jury's consideration of evidence to that which is properly introduced during the trial. *Rogers*, 551 S.W.2d at 370. To adequately safeguard that right from erosion, the Legislature in its wisdom created a per se rule, and it is the duty of this court to follow such mandate. *See Alexander*, 610 S.W.2d at 753 (citing *Rogers*, 551 S.W.2d at 370 (interpreting rule 21.3(f)'s predecessor statute, former Code of Criminal Procedure article 40.03(7), to require reversal without conducting harm analysis)); *see also Garza v. State*, 630 S.W.2d 272, 276 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g) (declining to conduct harm analysis under predecessor statute); *Molina v. State*, No. 07-00-0029-CR, 2003 WL 141641, at *4 (Tex. App.—Amarillo Jan. 21, 2003, pet. ref'd) ("Because appellant established both elements necessary to show his entitlement to a new trial under Rule 21.3(f), we must, and do, sustain his issue."); *McGary v. State*, 658 S.W.2d 673, 674–75 (Tex. App.—Dallas 1983, pet. ref'd) (declining to conduct harm analysis under predecessor statute); *Chew v. State*, 804 S.W.2d 633, 638–39 (Tex. App.—San Antonio 1991, pet. ref'd) (same); *Shivers v. State*, 756 S.W.2d 442, 444–45 (Tex. App.—Houston [1st Dist.] 1988, no pet.) (same); *Deary*, 681 S.W.2d at 788

the jury heard a siren in downtown Houston while deliberating. The issue is whether the jury followed the court's charge.

(same).[7]

## CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings. Tex. R. App. P. 43.2(d).[8]

/s/    Charles A. Spain
       Justice

Panel consists of Justices Christopher, Bourliot, and Spain. (Christopher, J., dissenting.)

Publish. Tex. R. App. P. 47.2(b).

---

[7] The *Carroll* court acknowledged that "[r]ule 21.3(f) mandates a new trial," but also alternatively analyzed harm "[a]ssuming the constitutional harmless analysis applies." 990 S.W.3d at 762–63. We decline to do so.

[8] We do not reach appellant's argument on ineffective assistance of counsel because of our disposition of appellant's first issue (reverse and remand for further proceedings). *See* Tex. R. App. P. 47.1.