JAMES CHOATE RAWLINGS V. STATE

No. 29,097. June 26, 1957.

*James W. Witherspoon, John D. Aikin, Wayne E. Thomas,*

and *Earnest L. Langley (Wayne E. Thomas,* of Counsel), Hereford, for appellant.

*J. Edward Line,* County Attorney, Hereford, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from a misdemeanor conviction for driving a motor vehicle upon a public road while intoxicated, with punishment assessed at 30 days in jail and a fine of $500.

The question of whether appellant was intoxicated when two Texas Highway Patrolmen observed him driving an automobile on a public highway and arrested him was closely contested.

The arrest occurred about 6:30 P.M. and the arresting officers and a deputy sheriff, who first saw appellant between 7:15 and 8:45 P.M., expressed the opinion that he was intoxicated.

Appellant admitted having consumed "two jiggers of alcohol" between 4:30 and 5:30 P.M., but denied that he was intoxicated when he was stopped by the officers. He supported his testimony with that of a number of witnesses who observed him, some between 8:30 and 10 P.M. and another who was with him from 4:30 to 5:30 P.M. These witnesses expressed the opinion that he was not intoxicated when they saw him.

The motion for new trial alleged and the evidence offered on the hearing of the motion established the following undisputed facts.

The jury first divided evenly on the question of guilt.

While so divided, the juror Yeager stated in substance: "Based upon my personal experience, a man who is under the influence of alcohol will be sober in two or two and one-half hours."

One juror stated that he or she knew personally the deputy sheriff who testified for the state and that he was honest and could certainly be believed.

A juror stated "The men who are highway patrolmen for the State of Texas are of the highest character, and we must rely upon them."

After receiving this and other information from their fellow jurors' personal experience and knowledge as to matters which were not in evidence, the jury agreed upon a verdict of guilty and assessed the punishment mentioned.

This undisputed evidence established receipt of other testimony by the jury after retiring to deliberate upon the case which, under the provisions of Art. 753 (7) V.A.C.C.P., requires that a new trial be granted.

The judgment is reversed and the cause remanded.