EDUARDO GUTIERREZ v. THE STATE.

No. 8832.   Delivered May 6, 1925.

Rehearing denied June 3, 1925.

1.—Assault to Murder—Evidence—Rule.

Where a part of a statement from the examining trial testimony of a witness, and a part of the written statement made by said witness on the night of the shooting was introduced by appellant it was not error, under the rules of evidence to permit the state to introduce all of the witness' testimony given at the examining trial, and also his full statement made to the district attorney, because same was germane to that portion of said testimony introduced by appellant. See Art. 811 Vernon's C. C. P. and authorities there cited.

2.—Same—Jury—Misconduct of.

The mere mention in the jury room of defendant's failure to testify, if promptly rebuked, and the juror informed that it is not to be considered, is no ground for reversal, and also where the jury refers to a former conviction, it has been held that when the testimony supports the verdict, and the charge properly presents the case, a verdict will not be set aside, unless in the opinion of the court it might have prejudiced appellant's case. Following Jenkins v. State, 49 Tex. C. R. 461, Smith v. State, 52 Tex. C. R. 350.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction of an assault to murder; penalty, five years in the penitentiary.

The opinion states the case.

*E. B. Elfers,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of El Paso County for the offense of assault with intent to murder and his punishment assessed at five years confinement in the penitentiary.

There are but two bills of exceptions in the record. The first complains of the action of the court in overruling appellant's motion for a new trial because of certain alleged misconduct of the jury. The record in this case shows that the court adjourned on the 4th day of April, 1924, and the Statement of Facts on the motion for new trial was not filed, according to the file mark thereon, in the district court of El Paso County until the 5th day of April, 1924, or one day after the court had adjourned. Under this state of the record the Statement of Facts can not be considered, and this court will presume that the trial court acted correctly in overruling the motion for a new trial.

By bill of exception No. 2 complaint is made of the action of the trial court in permitting the State to introduce in evidence the whole of the examining trial testimony of the witness Augustine Bustamente and the whole of the written statement made by said witness to the county attorney on the night of the shooting. The bill of exception shows that the defendant, for the purpose of impeaching said witness, offered in evidence and read to the jury certain excerpts and statements from the examining trial testimony of said witness and also from the written statement made by said witness to the county attorney on the night of the shooting. We have very carefully examined the examining trial testimony and

the written statement introduced in evidence, and have reached the conclusion that it was entirely proper for the court to admit all of the testimony of the witness given on the examining trial and also his full statement to the county attorney, because same were germane to that portion of said testimony and said statement that was introduced in evidence by the appellant.  Art. 811, Vernon's Code of Criminal Procedure, and authorities there cited.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and the conclusions announced are approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, Judge.—This case is before us on appellant's motion for rehearing.

Appellant in his motion for rehearing has properly presented to this court a supplemental transcript showing that the term of court was actually extended to include the 5th day of April, 1924, and it is proper to consider appellant's complaint based on the alleged misconduct of the jury.

Appellant in his motion for new trial alleges that during their deliberations the jury received and heard other testimony than that adduced upon the trial of the case, in that while a number of jurors were voting not guilty, other jurors who believed this defendant guilty, referred to and stated as a fact that this defendant had been previously convicted, and that after said jurors had all agreed to a verdict of guilty and while they were deliberating on the punishment to be assessed, several of said jurors voted for confinement for a term of two years while others voted for more severe punishment; that one or more of the jurors favoring the higher penalty stated as a fact that this defendant had already served more than two years imprisonment for which he would get credit on any term of imprisonment assessed on the present trial and that if this jury assessed a less term than five year and the time already served were deducted, the punishment would be wholly inadequate.

On the hearing of this motion, ten of the jurors testified:  We have carefully considered this testimony and cannot agree with appellant's contention that the court erred in overruling his motion for new trial.  One of the jurors testified that it was mentioned in the jury room, that the appellant had been in jail for two years more or less and that any sentence that he got, would be taken off his sentence.  The juror further testified that we dismissed that idea entirely and gave him a sentence of five years, not being sure that he would get credit or would not get credit for the time he

had served in jail. The juror further testified that the jury didn't discuss or didn't talk over that part of the consideration at all, or didn't pay any attention to it, and that it was a mere casual remark. The other jurors testified to practically the same matter.

In each instance, the testimony shows that the matter was merely mentioned and each juror testifying negatives the idea that there was any general discussion of the matter or that it in anywise influenced the verdict of any juror.

It has been held by this court in the case of Jenkins v. State, 49 Texas Crim. Rep. 461, 93 S. W. 726, that the mere mention in the jury room of defendant's failure to testify, if promptly rebuked and the jurors informed that it is not to be considered, is no ground for reversal. It has also been held that a bare allusion to defendant's failure to testify in the jury room which is immediately suppressed will not cause the judgment of conviction to be set aside. See Branch's P. C., page 293, for authorities supporting this proposition. On the question of the jury's reference to a former conviction it has been held that when the testimony supports the verdict and the charge properly rebuts the case, a verdict ought not to be set aside for a casual mention of a former conviction and that in no case should it be set aside where the case has been tried according to law unless such reference or discussion in the opinion of the court did or might have prejudiced appellant's case. Smith v. State, 52 Texas Crim. Rep. 350.

Under the reasoning in those cases, we are led to the conclusion that a mere mention of a matter in the jury room such as that raised by appellant in this case does not constitute reversible error. It has been uniformly held by this court that matters of this character are largely within the discretion of the trial court; and when he hears the evidence and when the evidence is more or less conflicting as to what occurred and in the absence of an abuse of that discretion his judgment therein will not be disturbed.

Applying this rule to the matter before us, we are of the opinion that no such abuse of the trial court's discretion is shown as would warrant us in reversing the case. It is our opinion that the motion for rehearing should be overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and the conclusions announced are approved by the Court.