OVAL COOPER V. THE STATE.

No. 11507.   Delivered April 4, 1928.

Rehearing denied State, May 30, 1928.

1.—Murder—Misconduct of Jury—Reversible Error.

Where, on a trial for murder, the jury having retired and while deliberating on their verdict, one of the jurors stated in the presence and hearing of the others that he "knew the Cooper boy (meaning the defendant) and his family; that they all had been in trouble ever since he had known them; that they had a bad criminal record; that his father had been to the penitentiary for hiring a negro to kill a white man; that the brother of the defendant had been to the penitentiary and that twenty or twenty-five years was small enough term for the defendant; that he would go to the penitentiary sooner or later anyway, and that the whole family had been in trouble ever since he had known them." There being no evidence in support of these statements, this misconduct necessitates the reversal of the case.

2.—Same—Continued.

Subdivision 7 of Art. 753, C. C. P., provides that a new trial shall be granted where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to others is new and other testimony within the meaning of the statute. See Holland v. State, 298 S. W. 898,; Brown v. State, 276 S. W. 929.

3.—Same—Continued.

While it is true that matters of the character under consideration are largely within the discretion of the trial court when he hears evidence, which is more or less conflicting as to what occurred, and his judgment will not be disturbed on appeal in the absence of an abuse of that discretion, we do not think the facts heard on the motion in the instant case brings it within the rule last mentioned. See Gutierrez v. State, 272 S. W. 780.

ON REHEARING BY STATE.

4.—Same—No Error Discovered.

A reconsideration of the record is the light of the motion for rehearing filed by the state leaves this court of the opinion that upon the original hearing the proper disposition of the appeal was made.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of murder, penalty twenty years in the penitentiary.

The opinion states the case.

*George W. Johnson* of New Boston, for appellant. On misconduct of jury, appellant cites: McDougald v. State, 194 S. W. 944; Whitfield v. State, 282 S. W. 595; Gilbert v. State, 215 S. W. 106; Blocker v. State, 213 S. W. 391; Cotton v. State, 228 S. W. 943, and Snow v. State, 237 S. W. 563.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder, the punishment confinement in the penitentiary for twenty years.

The issue of guilt was sharply contested. The state offered testimony in support of its theory that appellant had threatened to kill Grover Durham, the deceased, and that he and his companion, Martin Petty, lay in wait for deceased at night and killed him by stabbing him with a knife. Appellant offered testimony supporting his theory that he and deceased were engaged in a fist fight and that when deceased struck him with some brass knucks, he, appellant, believing that his life was in danger, stabbed deceased with a pocketknife. Appellant testified in his own behalf.

Appellant's reputation for being a peaceable and law-abiding citizen was not placed in issue nor was the reputation of his father or any member of his family an issue in the case. There was no testimony in the record justifying the statement hereinafter referred to. In his motion for a new trial appellant alleged misconduct upon the part of the jury as follows:

"In that said O. H. Proctor, foreman of the jury, stated to and in the presence and hearing of the jury, that he, O. H. Proctor, knew the Cooper boy (meaning the defendant) and his family; that they all had been in trouble ever since he had known them; that they had a bad criminal record; that his father had been to the penitentiary for hiring a negro to kill a white man; that the brother of the defendant had been to the penitentiary; and that twenty or twenty-five years was small enough term for the defendant; that he would go to the penitentiary sooner

or later anyway; that the whole family had been in trouble ever since he had known them."

Attached to the motion were the affidavits of seven jurors wherein it was stated that the juror Proctor made the statement complained of. Five of these stated in their affidavits that the statement was made before the penalty was assessed, while two of the jurors stated that they did not remember whether such statements were made before or after the penalty was assessed. The court heard evidence on the averment of misconduct and appellant offered in evidence the affidavits attached to his motion. In an endeavor to show that the statement complained of was made after the jury had reached a verdict, the state used the twelve jurors as witnesses. The juror Proctor admitted that he stated to the jury that he had known appellant's family all of his life and that they had been in more or less trouble. He further stated that another juror reminded him of the fact that appellant's father and brother had served terms in the penitentiary. It was his opinion that the juror Birdwell made the statement relative to the father and brother of appellant. The juror Proctor further testified that the Cooper family all had a bad criminal record and had been in trouble ever since he had known them. His testimony was further to the effect that while he wouldn't be positive about it, it was his recollection that he made the statement complained of after the penalty had been agreed upon. The juror Birdwell was positive that the statement was made by Mr. Proctor before the jury had arrived at the number of years that would be assessed. His testimony shows, however, that he, Birdwell, did not make a statement relative to the conviction of the brother and father of appellant. The juror Dagnel was of the opinion that Mose Taylor, one of the jurors, made a statement relative to appellant's father hiring a negro to kill a white man. Mr. Dagnel testified, however, that according to his best recollection the statement was made after an agreement had been reached as to the number of years to be assessed against appellant. He stated on cross examination that he wouldn't be positive when the matter occurred. The juror Taylor testified that he did not hear any statement at all concerning the reputation of appellant or of any member of his family. He did not state in words that the statement attributed to him by Mr. Dagnel was not made. The juror Lumpkins was positive that the statement he heard was made after a verdict had been reached. He stated that he did not remember who made the statement. The jurors Hutchinson and Hanks testified that the statement was made to the best of their knowledge

before the jury reached a conclusion as to the penalty to be assessed. Thus we have the positive testimony of one juror that the statements were made before a verdict was reached. His testimony is supported by the voluntary affidavits of five jurors and the testimony of two jurors, who testified that to the best of their knowledge the statements were made prior to reaching a verdict. While the remaining jurors, except Mr. Lumpkins, were of the opinion that the statements were made after a verdict was reached, they were uncertain and would not state positively when such statements were made. It is undisputed that the juror Proctor made the statement concerning which he testified. It appears that another statement concerning the matter was made by some juror. The juror Lumpkins did not know who made the statement he heard. However, it is fairly inferable that the statements he heard were made by some juror other than Mr. Proctor, and could have been made, in so far as the record is concerned, after a verdict had been reached. Hence it does not appear that there is a direct conflict between the testimony of Mr. Lumpkins and Mr. Birdwell.

This is the substance of the testimony heard by the court upon the issue presented in the motion for a new trial. We are driven to the conclusion that the testimony shows that the fairness of the trial is left in serious doubt and that the misconduct complained of occurred before the jury had determined upon the amount of punishment to be assessed. The issue of guilt, as stated before, was sharply contested, and appellant did not receive the minimum penalty. One of the jurors whose affidavit supported the motion for a new trial stated in said affidavit that before he heard the discussion concerning appellant's reputation he had determined that a penalty of ten years should be assessed and that thereafter he agreed to twenty years.

From what we have said it follows that we are of the opinion that the learned trial judge fell into error in refusing to grant appellant's motion for a new trial. Subd. 7 of Art. 753, C. C. P., provides that a new trial shall be granted where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to others is new and other testimony within the meaning of the statute. Holland v. State, 298 S. W. 898 and authorities cited. Where, after retirement the jury receive other evidence damaging to appellant, the presumption of injury will obtain. Holland v. State, supra; Brown v. State, 276 S. W., 929. The statement made by the juror as to appellant's reputation was of such

material character as to create the presumption that it resulted in injury to appellant. Such statement was shown to be new and other testimony. It is true that matters of the character under consideration are largely within the discretion of the trial court and that when he hears evidence which is more or less conflicting as to what occurred his judgment will not be disturbed on appeal in the absence of an abuse of the discretion which the law vests in him. Gutierrez v. State, 272 S. W. 780. However, we do not think the facts heard on the motion in the instant case bring it within the rule last mentioned.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

MORROW, PRESIDING JUDGE.—A reconsideration of the record in the light of the motion for rehearing filed by the State's Attorney leaves this court of the opinion that upon the original hearing the proper disposition of the appeal was made.

The motion is overruled.

*Overruled.*