Roberto C. GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 60516.

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 14, 1981.

On Rehearing En Banc March 31, 1982.

J. Manuel Banales, Corpus Christi, on appeal only, for appellant.

Arnoldo R. Garcia, Dist. Atty. and Kenneth Oden, Jr., Rolando Rene Ramirez, Asst. Dist. Attys., Alice, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

This is an appeal from a conviction by a jury for the offense of possession of a con-

trolled substance, to-wit, heroin. Art. 4476–15, Sec. 4.04, V.A.T.C.S. Punishment was assessed by the trial court at life imprisonment in the penitentiary pursuant to V.T.C.A. Penal Code, Sec. 12.42(d), after the trial court found that appellant had twice previously been convicted of a felony, with the second prior offense being committed after the conviction for the first prior offense had become final.

Appellant's only contention on appeal is that the trial court erred in refusing to grant him a new trial pursuant to Art. 40.03(7), V.A.C.C.P.[1] Appellant attached to his motion for new trial affidavits from four of the twelve jurors[2] who served as jurors at his trial. These affidavits state that after the jury had retired to consider the guilt or innocence of appellant, statements were made and discussed by the jurors that appellant had a criminal record, had a bad criminal record, that he had killed a man, was a murderer, should be put away, and should be locked up. Appellant's motion for new trial complained that the jury's discussion of matters not in evidence, as detailed above, was misconduct which deprived him of the fair trial that he was guaranteed by law.

There was no evidence introduced or adduced at trial on any of these matters. Appellant did not testify at his trial.

At the hearing on the motion for new trial, foreperson Myers testified that there was some discussion by the jurors of appellant's past, and statements were made that appellant had a criminal record and that he had either shot or stabbed someone. Juror Smith testified that there was discussion by the jurors of appellant's past criminal record and some jurors stated that he should be put away.[3] Juror Gonzalez testified that

some jurors tried to get other jurors to vote "guilty," by telling them that appellant had a past criminal record, was a murderer, and should be locked up. Juror Perez testified that on two or three occasions it was mentioned that appellant had a prior criminal record and that, "Something ought to be done." Juror Timon also testified that there was discussion that appellant had a bad criminal record. All five jurors further testified that on each occasion the appellant's past was brought up, the foreperson or another juror admonished the other jurors that they were not to consider appellant's prior criminal record in determining his guilt. All of the jurors who testified at the hearing on appellant's motion for new trial testified that the statements and discussion of appellant's prior criminal record did not affect them in determining appellant's guilt.

■ Three of the affidavits, (Myers, Smith, Gonzales), which supported the appellant's motion for new trial, were taken by one of appellant's attorneys. This Court has frequently held that a motion alleging that something improper transpired within the jury room must be supported by affidavit of a juror, or some other person who was in position to know the facts, before it is sufficient as a pleading. Such an affidavit sworn to before one of appellant's attorneys cannot be considered. Thus, these affidavits were not sufficient to support the motion for new trial, *Stubbs v. State*, 457 S.W.2d 563 (Tex.Cr.App.1970); *Reno v. State*, 403 S.W.2d 799 (Tex.Cr.App.1966). However, the fourth affidavit, which was sworn to by juror Timon before a notary public other than one of appellant's attorneys, was sufficient to support the motion

---

1. Art. 40.03(7), V.A.C.C.P., provides:

 Where the jury, after having retired to deliberate upon a case, has received other evidence; or where a juror has conversed with any person in regard to the case; or where any juror at any time during the trial or after retiring for deliberation, may have become so intoxicated as to render it probable his verdict was influenced thereby. The mere consumption of alcoholic beverage by a juror shall not be sufficient ground for a new trial.

2. These affidavits were from jurors Gonzales, Myers, Smith and Timmon. Juror Perez, who did not give an affidavit, also testified at the hearing, as did the above four jurors.

3. Smith also testified that "somebody had heard on the radio at noon while we were at lunch that he had a past record."

for new trial hearing, even though it only stated that appellant "had a bad criminal record" and this had been discussed by the jury. The affidavit did not, however, refer to any statements that appellant had killed someone or should be put away.

 In order to mandate a new trial under Art. 40.03, Sec. 7, *supra*, it must be shown that (1) "other testimony" or "other evidence" was actually received by the jury, and (2) that such evidence was detrimental to the appellant. *Alexander v. State*, 610 S.W.2d 750 (Tex.Cr.App.1980); *Hunt v. State*, 603 S.W.2d 865 (Tex.Cr.App.1980); *Trevino v. State*, 582 S.W.2d 111 (Tex.Cr. App.1979); *Stephenson v. State*, 571 S.W.2d 174 (Tex.Cr.App.1978); *Rogers v. State*, 551 S.W.2d 369 (Tex.Cr.App.1977). When the "other evidence" is discussion of the effect of the parole laws, such is detrimental only if it either contains a misstatement of the law of parole or is relied upon by a juror such that he agrees to a longer sentence as punishment, but not otherwise. *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App.1975). Also see, *Sweed v. State*, 538 S.W.2d 119 (Tex.Cr.App.1976). But aside from the "parole law" situations, the effect of the "other evidence" on the jury or the question of injury to the appellant is not to be considered. The controlling factor in deciding whether a new trial is required is the character of the evidence, in light of the issues before the jury, not the effect of such evidence on the jurors. *Alexander v. State*, supra; *Hunt v. State*, supra; *Trevino v. State*, supra; *Stephenson v. State*, supra; *Rogers v. State*, supra. For a distinction and discussion of both Secs. 7 and 8 of Art. 40.03, V.A.C.C.P., see *Heredia v. State*, supra. We decide this cause pursuant to Sec. 7, *supra*.[4]

 In *Cooper v. State*, 109 Tex.Cr. 650, 7 S.W.2d 85 (1928), Judge Christian, who wrote the Court's opinion, in discussing the above statute's predecessor, which wording is identical to our present statute, said:

\* \* \* \* \* \*

... Information given by one of the jurors to others is new and other testimony within the meaning of the statute. *Holland v. State*, 107 Tex.Cr.R. 582, 298 S.W. 898, and authorities cited. Where, after retirement, the jury receive other evidence damaging to appellant, the presumption of injury will obtain. *Holland v. State*, supra; *Brown v. State*, 101 Tex. Cr.R. 639, 276 S.W. 929. The statement made by the juror as to appellant's reputation was of such material character as to create the presumption that it resulted in injury to appellant. Such statement was shown to be new and other testimony. It is true that matters of the character under consideration are largely within the discretion of the trial court, and that, when he hears evidence which is more or less conflicting as to what occurred, his judgment will not be disturbed on appeal in the absence of an abuse of the discretion which the law vests in him. *Gutierrez v. State*, 100 Tex.Cr.R. 364, 272 S.W. 780. However, we do not think the facts heard on the motion in the instant case bring it within the rule last mentioned.

\* \* \* \* \* \*

The facts in *Cooper* concerned jurors discussing the appellant and his family's reputation for being infamous in the community.

\* \* \* \* \* \*

'... that they all had been in trouble ever since he had known them; that they had a bad criminal record; that his father had been to the penitentiary for hiring a negro to kill a white man; that the brother of the defendant had been to the penitentiary; and that 20 or 25 years was small enough term for the defendant; that he would go to the penitentiary sooner or later anyway; that the whole family had been in trouble ever since he had known them.'

\* \* \* \* \* \*

---

4. Art. 40.03(8) provides that a new trial shall be granted:

 Where, from the misconduct of the jury, the court is of the opinion that the defendant has not received a fair and impartial trial. It

shall be competent to prove such misconduct by the voluntary affidavit of a juror; and the verdict may, in like manner, be sustained by such affidavit.

We find the facts presented here are at least as strong as those found in *Cooper*.

Juror Gonzalez was the only juror to state that someone had said appellant was a murderer. Jurors Myers and Smith were unsure whether such a statement had been made, but they did not testify that it had not been made. Juror Perez was not questioned as to this statement. All of the jurors agreed that discussion of appellant's prior criminal record occurred during their deliberations. Therefore, as to what the jurors swore to and what was testified by the jurors was uncontroverted. See *Alexander v. State*, supra; *Hunt v. State*, supra.

It is well established that an accused may not be tried for being a criminal generally or for some collateral crime. *Wintters v. State*, 616 S.W.2d 197 (Tex.Cr.App.1981); *Thompson v. State*, 612 S.W.2d 925 (Tex.Cr. App.1981). The continued discussion of appellant's prior criminal record by the jurors during their consideration of appellant's guilt, and references to collateral offenses by him, even after admonishments by other jurors that such should not be considered, is clearly detrimental to appellant. See *Pafford v. State*, 138 Tex.Cr.R. 299, 135 S.W.2d 990 (1940) [hearsay statement that defendant worked in a bootlegging joint].

Since it was established by appellant by uncontroverted evidence that statements of fact outside the record were introduced into the jury's deliberations, and that such statements were detrimental to appellant, a new trial should have been granted by the trial court. *Trevino v. State*, supra, at p. 112. Failure to do so was error which requires reversal by this Court.

Therefore, the judgment is reversed and the cause remanded.

ROBERTS, J., concurs.

DALLY, J., dissents.

Before the Court en banc.

---

* The term "other testimony" was broadened to "other evidence" by 1973 Tex.Gen.L. Ch. 399,

## OPINION ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

█ The original panel opinion in this case reversed the appellant's conviction because of jury misconduct. The State's motion for rehearing asks us to overrule that panel opinion because the appellant did not show that he was actually harmed by the misconduct. For reasons which follow, we deny the State's motion.

In *Rogers v. State*, 551 S.W.2d 369, 370 (Tex.Cr.App.1977) this court stated:

"[V.A.C.C.P., Article 40.03(7),] provides that a new trial shall be granted 'Where the jury, after having retired to deliberate upon a case, has received other testimony; . . .' This statute requires a new trial if the 'other testimony' was adverse to the accused.*

"In the case at bar, identification was a central issue, and the foreman's statement was adverse to appellant's attack on that issue. See *Embry v. State*, 95 Tex. Cr.R. 488, 255 S.W. 190. It is the *character of the evidence* that controls the determination of this issue, and the Court will not speculate on the probable effects on the jury or the question of the injury. See cases collected at note 802 to Art. 40.03 in Vernon's annotations to the code. Unless there is a fact issue raised on whether the jury actually received the other evidence (see *Honeycutt v. State*, 157 Tex.Cr.R. 206, 248 S.W.2d 124), the statute requires reversal if the evidence was adverse to the defendant. The statutory provision here applied was designed by the Legislature to guarantee the integrity of the fundamental right to trial by jury by restricting the jury's consideration of evidence to that which is properly introduced during the trial. To adequately safeguard that right from erosion, the Legislature in its wisdom created a per se rule. It is the duty of this Court to follow that mandate."

(emphasis in original) (footnote omitted)

Sec. 2(A).

In *Hunt v. State*, 603 S.W.2d 865 (Tex.Cr. App.1980), this Court considered and rejected the argument now made by the State. We held:

> "The State's contention that the appellant must show harm by the jury's receipt of this 'other evidence' is without merit. Where the 'other evidence' is shown to have been received by the jury and to have been detrimental to the defendant, this court 'will not speculate on the probable effects on the jury or the question of injury,' and the requirement for a new trial in such cases is considered a 'per se rule.' *Rogers*, supra." (footnote omitted)

603 S.W.2d at 869.

As *Rogers* and *Hunt* make clear, V.A.C. C.P., Article 40.03(7) requires reversal when the evidence shows that "other evidence" was received by the jury during its deliberations and that "other evidence" was detrimental to the defendant. This Court simply will not inquire into whether or how the jury's deliberations were affected by this "other evidence" when the two requirements of Article 40.03(7) have been met.

In this case, the evidence clearly shows that the jury received "other evidence" during its deliberations and that the "other evidence" was detrimental to the appellant. For that reason, the panel opinion correctly decided that the appellant's conviction must be reversed. The State's motion for rehearing is overruled.