Wornise McGARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01360–CR.

Court of Appeals of Texas,
Dallas.

July 28, 1983.

Discretionary Review Refused
Dec. 21, 1983.

Frank Pearce, Garland, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Asst. Dist. Atty., for appellee.

Before CARVER, VANCE and STEWART, JJ.

VANCE, Justice.

Appeal is from a jury conviction for driving while intoxicated. Punishment was assessed by the Court at confinement in the county jail for ten days, and imposition of a $250.00 fine. Appellant in his sole ground of error contends that the trial court erred in denying his motion for new trial based upon jury misconduct. We agree. Consequently, we reverse and remand.

The record indicates that the trial was concluded on December 10, 1981. The appellant filed a Motion for New Trial on December 11, 1981. A hearing on the Motion for New Trial was held on December 17, 1981. The Motion for New Trial was denied and the appellant was sentenced. On December 18, 1981, the appellant filed "Defendant's Supplemental Motion for New Trial." The trial court was asked to reconsider the evidence presented on December 17, 1981, in consideration of the Supplemental Motion for New Trial. The record indicates that the trial court "reconsidered" the Supplemental Motion for New Trial on December 18, 1981, and denied it.

Appellant contends that reversible error was committed when the jury received other evidence after retiring to deliberate on guilt. He contends that under Tex.Code Crim.Proc.Ann. art. 40.03(7) (Vernon 1979),[1] he was entitled to a new trial, and thus the trial court erroneously overruled his new trial motion as supplemented. This alleged error was properly raised by appellant's supplemental motion for new trial.

The record of the hearing held on the motion for new trial contains the testimony of juror Sharon E. Kilpatrick and her affidavit that had been received into evidence. Kilpatrick testified that after the jury retired to deliberate their verdict the other five jurors had voted to find the defendant

---

1. The statute, as here relevant, states,
"New trials, ... shall be granted the defendant for the following causes, and for no other:

\* \* \* \* \* \*

"(7) Where the jury, after having retired to deliberate upon a case, has received other evidence; ...."

guilty, while she had voted not guilty. She testified that, with the jury in this posture, the foreperson talked about an incident where her husband had had two drinks and swerved off the road into a ditch. The foreperson said that if the police had taken him downtown he would have failed the test. Kilpatrick testified that another one of the jurors, a stewardess, told the jury that if she had had as much to drink as the defendant she would have been drunk. Kilpatrick's affidavit showed that when the stewardess made the comment that she would have been drunk that "the other jurors agreed." The fact that such statements were made during the jury deliberations on guilt is undisputed. After these statements were made, Kilpatrick changed her vote and agreed to a verdict of "guilty." The State offered no controverting testimony.

The Court of Criminal Appeals in *Garza v. State,* 630 S.W.2d 272, 274 (Tex.Cr.App. 1982) (en banc) (On Rehearing) set forth the test to be applied in determining grounds for reversal under Article 40.03, Section 7 as follows: "it must be shown that (1) 'other testimony' or 'other evidence' was actually received by the jury, and (2) that such evidence was detrimental to the appellant." [2]

In the case at bar, the central issue was the intoxication of the appellant. The first question to be resolved is whether "other evidence" was *received* by the jury. The uncontroverted evidence showed that there was a discussion about the amount of drinking that it takes to make one intoxicated. The stewardess said that if she had had as much to drink as the defendant she would have been drunk. The *other* jurors agreed. Information given by one juror to the other jurors is "other testimony." *Garza,* 630 S.W.2d at 274; *Cooper v. State,* 109 Tex. Cr.R. 650, 7 S.W.2d 85 (1928); *Holland v. State,* 107 Tex.Cr.R. 582, 298 S.W. 898 (1927). This "other evidence" was received by the jury. *Rogers v. State,* 551 S.W.2d

2. The term "other testimony" was broadened to "other evidence" by 1973 Tex.Gen.L.Ch. 399,

369, 370 (Tex.Cr.App.1977); *Rawlings v. State,* 165 Tex.Cr.R. 89, 303 S.W.2d 799, 800 (1957).

The second question is whether the "other evidence" was adverse to the appellant. The record shows that this "other evidence" was detrimental to the appellant. The amount of alcohol it takes to make one intoxicated was the central issue, and the juror's statements were adverse to appellant's attack on that issue. *Bearden v. State,* 648 S.W.2d 688, 693 (Tex.Cr.App. 1983) (en banc). He had testified that he had a *couple* of drinks out of a one-half pint bottle of "Crown Royal." The evidence at trial showed that the appellant had taken a breathalyzer test which resulted in a score of .11 percent blood alcohol level. The character of the "other evidence" went directly to the central issue in this case. This Court will not speculate on the probable effects on the jury. *Alexander v. State,* 610 S.W.2d 750, 753 (Tex.Cr.App.1980); *Hunt v. State,* 603 S.W.2d 865, 868–69 (Tex. Cr.App.1980); *Stephenson v. State,* 571 S.W.2d 174, 175–176 (Tex.Cr.App.1978); *Rogers,* 551 S.W.2d at 370. When Kilpatrick was questioned if she considered the things that the foreperson had said when she reached her verdict, she said, "Yes, in a way, uh-huh." The prosecutor asked Kilpatrick the following question:

"Q Did you consider anything that you knew you weren't suppose to consider?
 A Yes."

The Court then had the following exchange with the witness:

THE COURT: When asked if you have relied on this material that was stated in reaching your verdict, you answered sort of. I don't truly find that answer satisfactory, ma'am. I'm not asking you what went into your decision, because you can't do that as Mr. Chapman says, we can't. I want to know, either you did use these considerations as part of your verdict or you did not. Either you followed the law and set them aside or you did not.

§ 2(A) at 973. *See Garza,* 630 S.W.2d at 275.

MS. KILPATRICK: Well, the reason I said that was because you know, I had my doubts where I felt I couldn't say guilty, but then, you know, it was like five people against one. I felt like maybe I might be wrong in my decision.

Since the record as to what occurred during deliberations *is not* controverted and shows that the jury did in fact receive other evidence, detrimental to appellant, Article 40.03(7) requires a new trial. *Eckert v. State,* 623 S.W.2d 359, 364 (Tex.Cr.App. 1981); *Hunt,* 603 S.W.2d at 868–69.

Reversed and remanded.