

NUMBER 13-08-00747-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

CRISTINA SANCHEZ,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the County Court at Law No. 4 of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Cristina Sanchez appeals from her conviction for assault causing bodily injury. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2009). A jury found appellant guilty of the offense, and the trial court assessed punishment at thirty days in the Hidalgo County Jail, suspended for one year of community supervision. Appellant filed a

motion for new trial asserting that the jury received additional evidence during deliberations and that such evidence was detrimental to her. The trial court heard and granted appellant's motion for new trial. However, the trial court later vacated its order, and the motion was denied by operation of law. *See* TEX. R. APP. P. 21.8(c). By one issue, appellant contends that the trial court erred in failing to grant her motion for new trial based on jury misconduct. We affirm.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's ruling denying a defendant's motion for new trial is reviewed under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001); *Jimenez v. State*, 67 S.W.3d 493, 509 (Tex. App.–Corpus Christi 2002, pet. ref'd). Under this standard, a reviewing court must "afford almost total deference" to the trial court's determination of the historical facts and of mixed questions of law and fact that turn upon an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc); *Jennings v. State*, 107 S.W.3d 85, 89-90 (Tex. App.–San Antonio 2003, no pet.). However, the abuse of discretion standard requires that an appellate court review questions of law, as well as mixed questions of law and fact that do not turn upon an evaluation of credibility and demeanor, de novo. *Jennings*, 107 S.W.3d at 90 (citing *Guzman*, 955 S.W.2d at 89). "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Acosta v. State*, 160 S.W.3d 204, 210 (Tex. App.–Fort Worth 2005, no pet.) (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)). Therefore, while we ultimately may not have made the same decision as the trial court had we presided at the trial proceedings, we must nonetheless view the evidence presented at the

2

hearing on the motion for new trial in the light most favorable to the trial court's ruling, and we will hold that a trial court has abused its discretion in ruling on a motion for new trial only when no reasonable view of the record could support the lower court's ruling. *Acosta*, 160 S.W.3d at 210.

"[A]ppellant has the burden of proving the allegation of juror misconduct." *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000). To show jury misconduct, the defendant must establish that: (1) misconduct occurred; and (2) the misconduct resulted in harm to the defendant—that is, was detrimental to her. *Garza v. State*, 630 S.W.2d 272, 274 (Tex. Crim. App. 1982) (en banc); *Stephenson v. State*, 571 S.W.2d 174, 176 (Tex. Crim. App. 1978); *Ford v. State*, 129 S.W.3d 541, 548 (Tex. App.–Dallas 2003, pet. ref'd); *Escobedo v. State*, 6 S.W.3d 1, 8 (Tex. App.–San Antonio 1999, pet. ref'd). A trial court must grant a defendant a new trial when the court finds that the jury engaged in such misconduct that the defendant did not receive a fair and impartial trial. TEX. R. APP. P. 21.3(g).

## II. DISCUSSION[1]

By a sub-issue in her single issue, appellant contends that the evidence heard at the motion for new trial hearing supported her allegations of jury misconduct as set forth in her motion for new trial. At the hearing, appellant's trial counsel argued that a juror, identified as Elizabeth Cano,[2] stated that she was influenced by a statement made during deliberations by an unidentified juror who commented that he knew the procedure of the

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2]Elizabeth Cano did not testify at the hearing.

Pharr Police Department and that a police officer would not need to testify in this type of case. According to appellant's counsel, Cano did not, however, "relay that she was influenced by that." Moreover, when asked by the trial court how this information influenced the jurors, appellant's trial counsel, without identifying any specific juror, responded, "I didn't ask. They just said that it influenced their decision because there was no official—there were no police officials that testified in court."

When the trial court again asked defense counsel, "how was that juror influenced? How was she lead [sic] to vote guilty?", he responded as follows:

> Well, I asked that question: How was the fact that . . . were you influenced by the fact that Pharr Police Department didn't testify? And she told me, well we argued about that. They were going back and forth, but this former [fire] chief said, don't worry about it. But that was an issue that they determined. How exactly? I don't know whether or not that they didn't find the victim credible. I can't answer that question. All I know is that when we stopped they said that that was a possible issue that was detrimental to my client. And they made their verdict based on evidence—and this is the most important thing, based on evidence that was presented outside of the evidence presented in that [witness] seat. And that's against—well, that's contrary to the verdict. That's an injustice to my client. And I can have Ms. Ramirez testify if the Court would allow me to exactly that set of facts, Judge. . . . She was there, your Honor. She was there waiting for the jury to be excused.

In support of his arguments, defense counsel offered the testimony of Aida Ramirez, the trial court's court administrator, bailiff, and interpreter. Ramirez testified that she was present when counsel talked with the jury after the verdict of guilty had been returned. Ramirez testified that she was present when "some of the ladies" on the jury said that they were influenced in their verdict by the comments made by this juror who was a former fire chief. On cross-examination, Ramirez admitted that she was not in the room with the jurors when they were deliberating and that none of the jurors advised her why they had voted a certain way.

4

Based on the above, defense counsel argued that, during deliberations, an unidentified juror commented that he knew the procedure of the Pharr Police Department and that a police officer would not need to testify in this type of case and that one juror said the panel argued about this comment. However, there is only evidence that a juror who was a former fire chief made a comment that influenced some of the other jurors in their verdict. There is no evidence about what the comment was that the unidentified juror made during deliberations. And Ramirez testified only that the jurors said they were "influenced." There is no evidence regarding how the comment influenced the jurors. The trial court noted the lack of such evidence when it asked defense counsel on two occasions during the hearing how this information influenced the jurors: "[H]ow was that juror influenced? How was she lead [sic] to vote guilty?"

Viewing the evidence presented at the hearing on the motion for new trial in the light most favorable to the trial court's denial of the motion, we cannot conclude that the trial court's decision was arbitrary or unreasonable. *Acosta*, 160 S.W.3d at 210 (citing *Charles*, 146 S.W.3d at 208). Because appellant did not establish that jury misconduct occurred or that the alleged misconduct caused her harm, we conclude that the trial court did not abuse its discretion in denying appellant's motion for new trial.[3] *See Garza*, 630 S.W.2d at 274. Accordingly, we overrule this sub-issue in appellant's sole issue on appeal.[4]

---

[3]Although the trial court set out in its findings and conclusions that the basis for denying the motion for new trial was that the motion did not include a supporting juror affidavit, we may sustain its denial on another theory of law applicable to the case. *See State v. Reed*, 965 S.W.2d 74, 77 (Tex. App.–Austin 1998, no pet.) (providing that a trial court's decision to deny a motion for new trial will be sustained if it is correct on any theory of law applicable to the case).

[4]Appellant also raises the following sub-issues: (1) the trial court was properly noticed; (2) the affidavit attached to the motion was properly verified; (3) the State was given adequate notice of the allegations to be raised at the hearing; and (4) the evidence was admitted without proper objection. Having determined the trial court did not abuse its discretion in denying the motion for new trial because the evidence did not establish juror misconduct, we need not address the remaining issues. *See* TEX. R. APP. P. 47.1.

### III. Conclusion

We affirm the trial court's denial of appellant's motion for new trial.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of April, 2010.