NUMBER 13-08-00747-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CRISTINA SANCHEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law No. 4 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion by Justice Rodriguez



 Appellant Cristina Sanchez appeals from her conviction for assault causing bodily
injury. See Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2009). A jury found
appellant guilty of the offense, and the trial court assessed punishment at thirty days in the
Hidalgo County Jail, suspended for one year of community supervision. Appellant filed a
motion for new trial asserting that the jury received additional evidence during deliberations
and that such evidence was detrimental to her. The trial court heard and granted
appellant's motion for new trial. However, the trial court later vacated its order, and the
motion was denied by operation of law. See Tex. R. App. P. 21.8(c). By one issue,
appellant contends that the trial court erred in failing to grant her motion for new trial based
on jury misconduct. We affirm.

I. Standard of Review and Applicable law A trial court's ruling denying a defendant's motion for new trial is reviewed under an
abuse of discretion standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App.
2001); Jimenez v. State, 67 S.W.3d 493, 509 (Tex. App.-Corpus Christi 2002, pet. ref'd). 
Under this standard, a reviewing court must "afford almost total deference" to the trial
court's determination of the historical facts and of mixed questions of law and fact that turn
upon an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997) (en banc); Jennings v. State, 107 S.W.3d 85, 89-90 (Tex.
App.-San Antonio 2003, no pet.). However, the abuse of discretion standard requires that
an appellate court review questions of law, as well as mixed questions of law and fact that
do not turn upon an evaluation of credibility and demeanor, de novo. Jennings, 107
S.W.3d at 90 (citing Guzman, 955 S.W.2d at 89). "We do not substitute our judgment for
that of the trial court, but rather we decide whether the trial court's decision was arbitrary
or unreasonable." Acosta v. State, 160 S.W.3d 204, 210 (Tex. App.-Fort Worth 2005, no
pet.) (citing Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)). Therefore,
while we ultimately may not have made the same decision as the trial court had we
presided at the trial proceedings, we must nonetheless view the evidence presented at the
hearing on the motion for new trial in the light most favorable to the trial court's ruling, and
we will hold that a trial court has abused its discretion in ruling on a motion for new trial only
when no reasonable view of the record could support the lower court's ruling. Acosta, 160
S.W.3d at 210.

 "[A]ppellant has the burden of proving the allegation of juror misconduct." Hughes
v. State, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000). To show jury misconduct, the
defendant must establish that: (1) misconduct occurred; and (2) the misconduct resulted
in harm to the defendant--that is, was detrimental to her. Garza v. State, 630 S.W.2d 272,
274 (Tex. Crim. App. 1982) (en banc); Stephenson v. State, 571 S.W.2d 174, 176 (Tex.
Crim. App. 1978); Ford v. State, 129 S.W.3d 541, 548 (Tex. App.-Dallas 2003, pet. ref'd);
Escobedo v. State, 6 S.W.3d 1, 8 (Tex. App.-San Antonio 1999, pet. ref'd). A trial court
must grant a defendant a new trial when the court finds that the jury engaged in such
misconduct that the defendant did not receive a fair and impartial trial. Tex. R. App. P.
21.3(g).

II. Discussion (1)

 By a sub-issue in her single issue, appellant contends that the evidence heard at
the motion for new trial hearing supported her allegations of jury misconduct as set forth
in her motion for new trial. At the hearing, appellant's trial counsel argued that a juror,
identified as Elizabeth Cano, (2) stated that she was influenced by a statement made during
deliberations by an unidentified juror who commented that he knew the procedure of the
Pharr Police Department and that a police officer would not need to testify in this type of
case. According to appellant's counsel, Cano did not, however, "relay that she was
influenced by that." Moreover, when asked by the trial court how this information
influenced the jurors, appellant's trial counsel, without identifying any specific juror,
responded, "I didn't ask. They just said that it influenced their decision because there was
no official--there were no police officials that testified in court."

 When the trial court again asked defense counsel, "how was that juror influenced? 
How was she lead [sic] to vote guilty?", he responded as follows:

 Well, I asked that question: How was the fact that . . . were you influenced
by the fact that Pharr Police Department didn't testify? And she told me, well
we argued about that. They were going back and forth, but this former [fire]
chief said, don't worry about it. But that was an issue that they determined. 
How exactly? I don't know whether or not that they didn't find the victim
credible. I can't answer that question. All I know is that when we stopped
they said that that was a possible issue that was detrimental to my client. 
And they made their verdict based on evidence--and this is the most
important thing, based on evidence that was presented outside of the
evidence presented in that [witness] seat. And that's against--well, that's
contrary to the verdict. That's an injustice to my client. And I can have Ms.
Ramirez testify if the Court would allow me to exactly that set of facts,
Judge. . . . She was there, your Honor. She was there waiting for the jury
to be excused.


 In support of his arguments, defense counsel offered the testimony of Aida Ramirez,
the trial court's court administrator, bailiff, and interpreter. Ramirez testified that she was
present when counsel talked with the jury after the verdict of guilty had been returned. 
Ramirez testified that she was present when "some of the ladies" on the jury said that they
were influenced in their verdict by the comments made by this juror who was a former fire
chief. On cross-examination, Ramirez admitted that she was not in the room with the
jurors when they were deliberating and that none of the jurors advised her why they had
voted a certain way.

 Based on the above, defense counsel argued that, during deliberations, an
unidentified juror commented that he knew the procedure of the Pharr Police Department
and that a police officer would not need to testify in this type of case and that one juror said
the panel argued about this comment. However, there is only evidence that a juror who
was a former fire chief made a comment that influenced some of the other jurors in their
verdict. There is no evidence about what the comment was that the unidentified juror
made during deliberations. And Ramirez testified only that the jurors said they were
"influenced." There is no evidence regarding how the comment influenced the jurors. The
trial court noted the lack of such evidence when it asked defense counsel on two occasions
during the hearing how this information influenced the jurors: "[H]ow was that juror
influenced? How was she lead [sic] to vote guilty?"

 Viewing the evidence presented at the hearing on the motion for new trial in the light
most favorable to the trial court's denial of the motion, we cannot conclude that the trial
court's decision was arbitrary or unreasonable. Acosta, 160 S.W.3d at 210 (citing Charles,
146 S.W.3d at 208). Because appellant did not establish that jury misconduct occurred
or that the alleged misconduct caused her harm, we conclude that the trial court did not
abuse its discretion in denying appellant's motion for new trial. (3) See Garza, 630 S.W.2d
at 274. Accordingly, we overrule this sub-issue in appellant's sole issue on appeal. (4) 

III. Conclusion

 We affirm the trial court's denial of appellant's motion for new trial.


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 

8th day of April, 2010.

1. Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4.
2. Elizabeth Cano did not testify at the hearing.
3. Although the trial court set out in its findings and conclusions that the basis for denying the motion
for new trial was that the motion did not include a supporting juror affidavit, we may sustain its denial on
another theory of law applicable to the case. See State v. Reed, 965 S.W.2d 74, 77 (Tex. App.-Austin 1998,
no pet.) (providing that a trial court's decision to deny a motion for new trial will be sustained if it is correct on
any theory of law applicable to the case).
4. Appellant also raises the following sub-issues: (1) the trial court was properly noticed; (2) the affidavit
attached to the motion was properly verified; (3) the State was given adequate notice of the allegations to be
raised at the hearing; and (4) the evidence was admitted without proper objection. Having determined the trial
court did not abuse its discretion in denying the motion for new trial because the evidence did not establish
juror misconduct, we need not address the remaining issues. See Tex. R. App. P. 47.1.