

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-324-CR**

ROBBIE LOFTIN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Robbie Loftin appeals the trial court's denial of his motion for new trial. We will affirm.

A jury found Appellant guilty of felony driving while intoxicated (DWI) and assessed his punishment at twenty-six years' confinement.

The State's evidence at trial included Appellant's poor driving, the odor of alcohol on his breath, his admissions of having consumed tequila, his slurred

---

[1] *See* Tex. R. App. P. 47.4.

speech, an empty beer can in his truck, his performance on sobriety tests, and police-officer-opinion testimony that Appellant had lost the normal use of his physical and mental faculties. Appellant refused to provide a sample of his breath or blood, and the police did not seek a warrant for a blood sample.

The evidence also included a videotape of Appellant's interaction with the arresting officer. Before trial, in response to Appellant's motion in limine, the parties agreed to mute those portions of the videotape in which Appellant and the officer discussed Appellant's prior DWI offenses.

On cross-examination of the arresting officer, Appellant's defense counsel began by asking about the decision to not seek a warrant for a sample of Appellant's blood. Counsel continued:

Q. Felony DWI is a more serious offense than a DWI first, fair to say?

A. No.

Q. No? Does it have a greater punishment range?

A. It has a greater punishment range, but at that time I didn't know it was a felony.

Q. Okay. You didn't know that there were––

A. You're talking about when I arrested him, correct?

Q. It's your testimony that you had no knowledge that he had two prior DWI's that bumped this up to a felony?

A. I had no knowledge.

[THE PROSECUTOR]: Your Honor, may we approach?

2

THE COURT: Yeah, come on up here.

[DEFENSE COUNSEL]: A felony DWI has a more serious punishment range than a misdemeanor; is that right?

A. That's correct?

Q. And the State of Texas has said that?

A. Yes.

Q. You're aware of that?

A. Yes.

Later, defense counsel concluded his cross-examination of the arresting officer with more questions about blood warrants.

Before redirect, outside the jury's presence, the prosecutor advised the trial court that he had instructed the witness that any mention of Appellant's prior convictions would be edited from the videotape of the stop and that the witness was not to answer any questions about Appellant's prior convictions. Defense counsel's re-cross included more questions about the benefits of a blood warrant and a blood sample. Finally, during closing argument, defense counsel argued, among other things, that the jury could hold the fact that police did not obtain a blood sample, which would have shown "an exact level of intoxication," against the State.

The jury returned a verdict of guilty and assessed Appellant's punishment at twenty-six years' confinement.

After trial, Appellant filed, and the trial court granted a hearing on, Appellant's motion for new trial. Appellant presented testimony from his trial counsel and the arresting officer to show that the officer's testimony that he had "no knowledge" of Appellant's prior convictions was inconsistent with the portions of the videotape muted at trial that contained some discussion about Appellant's prior DWI convictions. At the conclusion of the hearing, the trial court denied Appellant's motion for new trial, summing up its reasoning as follows:

> We have a catch 22 here. Trial counsel files a motion in limine; I grant that. Now, trial counsel asked the witness, after being instructed not to testify regarding any prior statements, (sic) questions about, well, did you know if he had any prior statements (sic). So, now, either he's going to say, no, he didn't per the court's instructions or yes, I did, then he breaks the motion in limine. So, you know, as far as that's concerned, I don't think that's grounds for a motion for a new trial, and I don't believe there's any perjury there whatsoever. That's just my take on it.

Now, in a single point on appeal, Appellant contends that the trial court "violated [his] federal and state constitutional right to a fair trial" by overruling his motion for new trial. Despite this mention of the federal and state constitutions, however, Appellant bases his arguments solely on the Texas Rules of Appellate Procedure. If a party provides no argument or legal authority to support its position, we may properly overrule the issue or point as inadequately briefed. Tex. R. App. P. 38.1(i); *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005), *cert. denied*, 548 U.S. 926 (2006); *Tong v. State,* 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied,* 532 U.S. 1053 (2001). Consequently, we will not address

4

Loftin's constitutional claims. *See* Tex. R. App. P. 38.1(i) (requiring that appellate briefs contain clear and concise arguments with appropriate citations to authorities); *Vuong v. State*, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992) (holding appellant waived constitutional argument where he failed to cite any specific constitutional provision to support claim); *Nolan v. State*, 102 S.W.3d 231, 235–36 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) ("Conclusory statements which cite no authority present nothing for appellate review.").

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Webb v. State*, 232 S.W.3d 109, 111 (Tex. Crim. App. 2007); *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007); *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Holden*, 201 S.W.3d at 763. A trial court abuses its discretion by denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id*; *Lewis*, 911 S.W.2d at 7.

Appellant first argues that the trial court violated Texas Rule of Appellate Procedure 21.8(b) by making the comment quoted above when it denied Appellant's motion for new trial. Appellant argues that the comment violates Rule 21.8(b)'s proscription on a trial court's "making any comment on the evidence in ruling on a motion for new trial."

5

Prior to its amendment, rule 21.8 provided, "In ruling on a motion for new trial, the court must not summarize, discuss, or comment on evidence." *Landers v. State*, 256 S.W.3d 295, 301 n.4 (Tex. Crim. App. 2008) (quoting prior version of rule 21.8). The rule was amended, however, by the Texas Court of Criminal Appeals on December 13, 2006, effective January 1, 2007. *See* Tex. R. App. P. 21.8 (amended 2007). Appellant was tried in September 2008, and his hearing on his motion for new trial was held the next month on October 21, 2008, almost two years after the effective date for the new rule. The new rule states in pertinent part: "In ruling on a motion for new trial, the trial court may make oral or written findings of fact." Tex. R. App. P. 21.8(b). We hold, therefore, that Appellant's first argument is without merit, and we overrule this portion of Appellant's sole point. See Tex. R. App. P. 21.8(b); *Landers*, 256 S.W.3d at 301 n.4.

Next, citing subsections (b) and (g) of Texas Rule of Appellate Procedure 21.3, Appellant argues that the trial court "committed reversible error in overruling the new trial motion on the basis that the [o]fficer's testimony was inconsistent with the truth[,] should not have been allowed before the jury," and denied him the ability to "pursue his trial strategy."

Rule 21.3 provides, in pertinent part,

The defendant must be granted a new trial, or a new trial on punishment, for any of the following reasons:

. . . .

6

(b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;

. . . .

(g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial[.]

Tex. R. App. P. 21.3.

There is no evidence anywhere in the record of any misconduct by the jury. On its face, therefore, part (g) of the rule does not apply in this case and Appellant has provided no argument to show otherwise. *See, e.g.*, *Noland v. State*, 264 S.W.3d 144, 153 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding movant for new trial based on jury misconduct must prove that misconduct occurred and that it resulted in harm to movant (citing *Garza v. State*, 630 S.W.2d 272, 274 (Tex. Crim. App. 1981)). Accordingly, we overrule this portion of Appellant's sole point.

Similarly, as to the portion of Appellant's sole point asserting that the trial court violated rule 21.3(b), even if we were to assume that the trial court allowed the jury to hear "testimony inconsistent with the truth," Appellant has made no argument and provided no authority to show how the trial court "misdirected the jury about the law." Tex. R. App. P. 21.3(b); *see* Tex. R. App. P. 38.1(i). Moreover, the record shows no objection on the part of Appellant to the challenged portion of the officer's testimony. *See* Tex. R. App. P. 33.1(a); *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (noting that if opportunity to object was afforded appellant and he failed

7

to object, he cannot use a later motion for new trial to preserve the error). Accordingly, the trial court did not abuse its discretion by overruling Appellant's motion for new trial on the basis that "such blatantly improper testimony should not have been allowed before the jury." *See Webb*, 232 S.W.3d at 111; *Herndon*, 215 S.W.3d at 906; *Holden*, 201 S.W.3d at 763; *Lewis*, 911 S.W.2d at 7. We overrule this portion of Appellant's sole point.

In the end, what remains of Appellant's point is his assertion that the trial court—presumably by allowing testimony that conflicted with a muted portion of the videotape—committed some material error likely to have injured Appellant's rights. *See* Tex. R. App. P. 21.3(b). Appellant asserts that he was prevented from promoting his defense theory that "because this was a felony DWI, more attempts should have been made by [the arresting officer] to obtain a blood warrant." Although the record is silent as to how this theory would have helped the defense, it is apparent from the record that Appellant was not deprived of the opportunity to present it. He visited the issue a number of times on cross and re-cross of the arresting officer, and he argued in his closing argument that the jury could hold it against the police for not securing a warrant for a sample of Appellant's blood. We hold, therefore, that the trial court did not abuse its discretion by denying Appellant's motion for new trial because it committed no material error likely to injure Appellant's rights. *See Webb*, 232 S.W.3d at 111; *Herndon*, 215 S.W.3d at 906; *Holden*, 201 S.W.3d at 763; *Lewis*, 911 S.W.2d at 7; *accord Igo v. State*, 210 S.W.3d 645, 647

8

(Tex. Crim. App. 2006) (providing that trial court errors under rule 21.3(b) do not automatically warrant reversal without harm). We overrule the remainder of Appellant's sole point.

Having overruled Appellant's sole point of error, we affirm the trial court's denial of the motion for new trial.

PER CURIAM

PANEL: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 29, 2010